■ In the Matter of NADINE MILLER, by Her Guardian ad Litem ROSLYN MILLER, Respondent, against NEW YORK CITY HOUSING AUTHORITY, Appellant.— On February 2, 1957 Nadine Miller, an infant 10 years old, was injured on the premises at 3645 Nostrand Avenue, Brooklyn, which is maintained, operated and controlled by the New York City Housing Authority. On February 15, 1957 an attorney, acting on behalf of the infant and her mother, wrote a letter addressed to the New York City Housing Authority, 3663 Nostrand Avenue, Brooklyn, stating that the infant was injured on February 2, 1957. On February 16, 1957 a representative of the Authority came to the

home of the infant and interviewed her, as well as other witnesses. On March 1, 1957 the Authority requested a medical examination of the infant, which was conducted on June 22, 1957. On November 8, 1957 the Authority requested permission to examine the hospital records, which was granted. Thereafter the claim was rejected. By notice dated June 25, 1958, 16 months after the accident, this application was made, by another attorney, for leave to serve a notice of claim *nunc pro tunc,* "together with such other and further relief as may be just". The Authority opposed the application on the ground that the court lacked the power to permit service of a late notice of claim in view of the fact that more than one year had elapsed since the date of the accident. (General Municipal Law, § 50-e, subd. 5.) The Special Term agreed with that contention on the authority of *Matter of Brown* v. *Board of Trustees of Town of Hamptonburg* (303 N. Y. 484, 488) and *Matter of Martin* v. *School Bd. of Union Free School Dist.* (301 N. Y. 233). The court, however, granted leave to amend the letter or notice of February 15, 1957 so as to constitute it a notice of claim, pursuant to subdivision 6 of section 50-e, in view of the absence of any claim of prejudice. This relief was granted pursuant to the request "for such other and further relief as may be just", although the relief granted was not specifically requested. Order reversed on the law, without costs, and petition dismissed, without costs. The findings of fact are affirmed. Concededly the letter of February 15, 1957 was not sent to the principal office of the Authority in Manhattan, but to 3663 Nostrand Avenue, Brooklyn, a building in one of the Authority's projects. This was not a compliance with subdivision 3 of section 50-e, which, among other requirements, provides that the notice shall be served on a person "designated by law", which in the instant proceeding is governed by subdivision 7 of section 228 of the Civil Practice Act, which designates "the chairman or other presiding officer, secretary, or clerk thereof". Nor did the letter contain the essential requirements of subdivision 2 of section 50-e. While a municipal corporation may waive an irregularity in the notice of claim by its acts and conduct (*Teresta* v. *City of New York,* 304 N. Y. 440; General Municipal Law, § 50-e, subd. 3), and leave to amend a notice of claim may be granted so as to correct the defects if made in good faith and the other party is not prejudiced, the irregularity may not pertain to "the manner or time of service" (General Municipal Law, § 50-e, subd. 6; *Munroe* v. *Booth,* 305 N. Y. 426). Nor may the requirements as to the manner of service (subd. 3) be waived by the acts and conduct of a municipal corporation (*Chesney* v. *Board of Educ. of Union Free School Dist.,* 2 A D 2d 761). If the notice of claim may be validated by the acts and conduct of the Authority and leave to amend granted, it would have the effect of circumventing the well-established rule that an application to serve a late notice of claim may not be granted after the lapse of one year since the accident. (*Matter of Brown* v. *Board of Trustees of Town of Hamptonburg,* 303 N. Y. 484, *supra.*) The granting of the application herein, made 16 months after the accident, would also circumvent the equally well-established rule that an unreasonable delay in moving to file a late notice of claim requires a denial of the application. (*Matter of McEwan* v. *City of New York,* 279 App. Div. 802, affd. 304 N. Y. 628.) In view of the unreasonable delay in applying for leave, the application is denied. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.