■ WHITE SOUND SERVICE, INC., et al., Respondents, v. LOUIS A. CORIO, Appellant.— Determination of the Appellate Term affirming a judgment of the Civil Court in favor of plaintiff, unanimously reversed on the law, the facts and in the exercise of discretion and a new trial ordered, with $50 costs to abide the event, on the dissenting opinion of CAPOZZOLI, J., at Appellate Term. Settle order on notice. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.

## (December 14, 1965)

■ BORRIS M. KOMAR, Appellant, v. CITY OF NEW YORK, Respondent.— Determination of the Appellate Term, affirming a judgment entered in defendant's favor in the Civil Court, unanimously affirmed, without costs and without disbursements. Plaintiff was arrested on July 12, 1956 and was charged with a misdemeanor in the Magistrates' Court in the City of New York and in the Court of Special Sessions of the City of New York. On motion of the Assistant District Attorney on September 18, 1956 he was discharged on his own recognizance. Thereafter on October 11, 1956 he filed a notice of claim with the defendant pursuant to section 50-e of the General Municipal Law claiming damages for an assault upon his person alleged to have taken place on July 12, 1956 and also for malicious prosecution. On the trial the evidence submitted established that the notice of claim was received by the defendant on October 11, 1956 which was 91 days after the alleged assault took place and it is held that the notice of claim was not timely filed and the judgment in favor of the defendant on the cause of action for assault is affirmed. On the action for malicious prosecution the trial court directed a verdict in favor of the defendant after the jury disagreed. The defendant contends that the plaintiff's discharge on his own recognizance was not a termination of the prosecution and, therefore, plaintiff's claim for damages for malicious prosecution is premature. The discharge of a person on his own recognizance, even in a case of a misdemeanor charge, does not result in a discharge of the person and thereafter on a motion by the District Attorney the person may be held for trial for the misdemeanor as charged. (Matter of Silver v. Gassman, 12 Misc 2d 58, affd. 6 A D 2d 694.) Since the plaintiff here has not established a termination of the misdemeanor charge in his favor, his action for malicious prosecution is premature and the dismissal of that cause of action was appropriate. However, such dismissal should be without prejudice to the plaintiff to file a notice of claim and to commence an action for malicious prosecution against the defendant if, and when, the misdemeanor charge should be determined in plaintiff's favor. Concur — Rabin, J. P., Valente, Stevens, Steuer and Staley, JJ.