■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES H. SWIFT, Appellant.— Motion by appellant for leave to dispense with printing and for assignment of counsel on appeal from a purported judgment of the Supreme Court, Kings County. Motion denied, with leave to renew after rendition of judgment and timely service and filing of notice of appeal from the judgment. On the court's own motion, appeal from the purported judgment of August 3, 1966 dismissed. An appeal does not lie from a jury verdict, but only from the judgment rendered thereon (see Code Crim. Pro., § 517). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. EUGENE TRAVERS, Defendant.— Motion by defendant for leave to dispense with printing and for assignment of counsel on his purported appeal from orders of the Supreme Court, Kings County, entered June 6, 1966 and August 9, 1966, respectively. Motion denied. It appears that there is no valid appeal pending from either order. As to the June 6, 1966 order, a timely notice of appeal was not served or filed; and as to the order of August 9, 1966, which denied his motion for reargument, it is not an appealable order. (See Code Crim. Pro., §§ 517, 521.) Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■

## (October 10, 1966)

■ FRANCHISED STORES OF NEW YORK, INC., Respondent, v. ROBERT STRAILE, Doing Business as MOHAWK CONTAINER CO., Appellant.— In an action to recover alleged overpayments made on a contract for the purchase of paper goods, defendant appeals from so much of an order of the Supreme Court, Westchester County, entered October 7, 1965, as denied his motion to vacate service of the summons and to dismiss the action on the ground that the summons was not personally served upon him (CPLR 320, subd. [b]; 3211, subd. [a], par. 8; 3211, subd. [e]). Order affirmed insofar as appealed from, with $10 costs and disbursements. The motion was made 22 days after the purported service and therefore was untimely (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 32-18). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ In the Matter of RICHARD KINARD, Respondent, v. CITY OF NEW YORK, Appellant.— In a special proceeding by a claimant for leave to amend a notice of claim, the respondent City of New York appeals from an order of the Supreme Court, Kings County, entered November 22, 1965, which granted the application. Order reversed, on the law, and motion denied, with $10 costs and disbursements. No questions of fact were considered. The amendment which was sought was to add a cause of action for malicious prosecution as an additional ground of claim against appellant. In our opinion, such amendment would be of a substantive nature and not within the purview of subdivision 6 of section 50-e of the General Municipal Law. It would be, in effect, the interposition of a new cause of action subsequent to the time limited by statute. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.