■ KEVIN COLENA, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant.—In an action to recover damages for assault, false arrest and malicious prosecution, defendant City of New York appeals from an order of the Supreme Court, Queens County, dated May 17, 1977, which (1) granted plaintiff's motion to strike certain affirmative defenses interposed by it and (2) denied its cross motion to dismiss the complaint as to it. Order reversed, on the law, without costs or disbursements, the plaintiff's motion is denied and the City of New York's cross motion is granted. Plaintiff was allegedly assaulted on October 24, 1970 by an off-duty New York City policeman, defendant Morris A. Maduro, in the course of a private altercation. Based on statements made by Maduro to the police who arrived at the scene, plaintiff was arrested and not released until the following day. The criminal proceeding was terminated in plaintiff's favor on April 27, 1971, some six months after the alleged assault, as a result of a determination by the Grand Jury that no indictment should issue. At the time of the alleged assault plaintiff was 17 years old. On March 9, 1971, 136 days after the events of October 24, 1970, plaintiff (individually, and by his father as his

natural guardian) served a notice of claim against the City of New York seeking "Damages for personal injuries" in the sum of $10,000. The notice stated that the claim arose "as a result of a violent and unprovoked *assault* by Sgt. Morris Moduno *[sic]*" (emphasis supplied). The stated "items of damage or injuries claimed" were "Bruises, strains in and about the head, chest, neck, embarrassment and humiliation". The summons and complaint were served on or about April 30, 1974.* The complaint sets forth three causes of action. The first is for assault and is against defendant Maduro alone. The second cause of action which is essentially for false imprisonment and is against both the City of New York and Maduro, reasserts the allegations of the first cause of action by incorporation. It alleges further that defendant Maduro was a sergeant in the New York City Police Department who had acted within the scope of his employment when he arrested plaintiff; that the "arrest was without probable cause and that the arresting officers knew that the charges were false and nevertheless proceeded"; that plaintiff was imprisoned "until October 25, 1970" (the day after the alleged assault); and that on April 27, 1971 (six months and three days after the alleged assault) the Grand Jury determined that no indictment should issue. The third cause of action is against defendant Maduro alone and seeks punitive damages for "actual malice in arresting and bringing criminal charges against the plaintiff" and "knowingly testif[ying] falsely at the hearing on November 24, 1970", which was "held at the Criminal Court, Queens County * * * at the conclusion of which the case was held over for the Grand Jury". The answer of the City of New York asserts, *inter alia,* noncompliance with section 50-e of the General Municipal Law. By notice of motion dated November 30, 1976 (more than six years after the alleged assault) plaintiff moved, *inter alia,* to strike this affirmative defense stating that "This action was commenced to recover for false arrest and injuries sustained by the plaintiff. In an action for false arrest, the ninety day period of notice * * * is held to commence when the plaintiff is discharged as the cause of action for false arrest does not accrue on the date of arrest * * * but afterwards when the charge was dismissed by the court [i.e., April 27, 1971]". The notice of claim, having been served March 9, 1971, *preceded* the date of the dismissal of the charge by 49 days. The City of New York cross-moved to dismiss the complaint as against it alleging the untimeliness of the service of the notice of claim. There is no explicit assertion of *assault* in the second cause of action, which is the only cause of action which names the City of New York as one of the defendants. Nevertheless, assuming, *arguendo,* that the second cause of action subsumed the first cause of action for assault, the fact remains that the alleged assault occurred and was completed on October 24, 1970. An action thereon required, for viability, that the notice of claim be served not later than 90 days thereafter (see General Municipal Law, § 50-e). Failure to do so could be remedied by an application to serve a late notice of claim (on the ground of infancy) "within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim" (General Municipal Law, § 50-e, subd 5, as it existed prior to Sept. 1, 1976). Since no such application was

---

* On this appeal the defendant City of New York (the sole appellant herein) does not raise any issue as to the lateness of the service of the *summons.* It is to be noted that plaintiff reached the age of 21 years on March 3, 1974, and that it was not until September 1, 1974 that the age of majority was reduced to 18 years (General Obligations Law, § 1-202, L 1974, ch 898, § 1).

made within the required time, the assault claim against the City of New York (assuming such was intended to be presented in the complaint as a cause of action against the city) must fall. Up to September 1, 1976, the requirements that such an application be made before commencement of the action and also before one year had expired from the event, were inflexible even as to infants (see *Matter of Martin v School Bd. of Union Free Dist. No. 28, Long Beach,* 301 NY 233; *Weed v County of Nassau,* 34 NY2d 723, affg 42 AD2d 848). Although the requirement for application for leave to serve a late notice was softened by the September 1, 1976 amendment of subdivision 5 of section 50-e of the General Municipal Law (permitting applications to be made after commencement of the action and at any time within the general limitation period for commencing the action), such amendment is not applicable here because the claim for assault (as well as for false imprisonment and malicious prosecution) arose more than one year prior to September 1, 1976 (see *Matter of Beary v City of Rye,* 44 NY2d 398). The cause of action for *false imprisonment* (which is the only explicit cause of action in the complaint against the City of New York) suffers the impediment that it was not mentioned, directly or indirectly, in the notice of claim. Therefore, the notice of claim could not alert the City of New York to the fact that plaintiff was seeking a recovery for anything more than personal injuries for the "violent and unprovoked *assault*" (emphasis supplied) by the defendant police officer on October 24, 1970. Even if plaintiff had moved to amend the notice of claim, pursuant to subdivision 6 of section 50-e of the General Municipal Law, to assert an additional claim for false imprisonment, he would have been unsuccessful since the scope of subdivision 6 is not such as to permit assertion of an entirely new claim (in this case a cause of action for false imprisonment not related to the alleged *assault)* subsequent to expiration of the applicable statutory periods (see *La Rocco v City of New York,* 37 AD2d 529, affd 29 NY2d 687; *Dale v Half Hollow Hills School, Cent. School Dist. No. 5,* 37 AD2d 778; *Matter of Kinard v City of New York,* 26 AD2d 821). Lastly, assuming, *arguendo,* that the notice of claim could be so broadly interpreted as to assert a claim for *malicious prosecution* against the City of New York, this claim too must fall since the notice of claim was served before the prosecution was terminated and therefore before the claim arose (see *Doundoulakis v Town of Hempstead,* 42 NY2d 440, 452; *Lewis v Village of Deposit,* 40 AD2d 730; *Komar v City of New York,* 24 AD2d 941), and it was not served again thereafter. Further, it could not be reasserted by the procedure contemplated by subdivision 6 of section 50-e of the General Municipal Law (see *La Rocco v City of New York, supra; Dale v Half Hollow Hills School, Cent. School Dist. No. 5, supra; Matter of Kinard v City of New York, supra).* Hopkins, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.