■ DIETRICH MCELVEEN, an Infant, by His Mother and Natural Guardian, BARBARA MCELVEEN, Respondent, v POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, Bronx County, entered March 8, 1978, granting defendant's motion to vacate a prior order granting plaintiff leave to file a late notice of claim entered on default and, after vacatur, granting plaintiff the same relief on the merits, unanimously modified, on the law, to the extent of denying leave to file a late notice of claim as to the claims of assault and false arrest, and otherwise affirmed, without costs or disbursements, and without prejudice to either side moving at Special Term as indicated herein. The plaintiff Dietrich McElveen was allegedly improperly assaulted and arrested by the police on August 3, 1975. McElveen was arrested and charged with the crimes of assault in the second degree, harassment, and resisting arrest. These charges against McElveen were dismissed on January 16, 1976. On November 20, 1975, plaintiff filed a notice of claim against the City of New York and the Police Department of the City of New York for assault, false imprisonment, false arrest, malicious prosecution, and violation of his civil rights. On July 23, 1976, a summons and complaint was served alleging these same claims. Defendant finally interposed an answer alleging, *inter alia,* as an affirmative defense, the failure to file a notice of claim timely. McElveen moved for leave to file a late notice of claim, which was granted on default on September 15, 1977. In November, 1977, the city moved to vacate the default. Special Term granted vacatur and then nonetheless granted McElveen's motion to file a late notice of claim. Under section 50-e of the General Municipal Law, as amended effective September 1, 1976, McElveen could obtain leave to file a late notice of claim if the city had actual knowledge of the essential facts prior to the time the claim should have been filed or within a reasonable time thereafter, and if the city were not prejudiced by the delay. Furthermore, the late notice would have to be filed within one year and 90 days after the cause of action accrued. The amended section 50-e has been held to apply retrospectively to causes of action which accrued after September 1, 1975 *(Matter of Beary v City of Rye,* 44 NY2d 398, 413). Applying these principles to the case at bar, we hold that permission to file a late notice was properly granted with regard to all except the assault and false arrest causes of action. A cause of action for assault accrues on the date of the assault *(Komar v City of New York,* 24 AD2d 941), which in this case was August 3, 1975. The notice of claim was filed on November 20, 1975, more than 90 days later. However, since the cause of action accrued prior to September 1, 1975, the plaintiff would not be entitled to the benefit of the

amended statute *(Matter of Beary v City of Rye, supra).** The same princi-
ples would apply regarding the cause of action for false arrest, which in this
case accrued August 3, 1975 and for which leave to file a late notice should
not have been granted *(Peresluha v City of New York,* 60 AD2d 226, 229).
However, the causes of action for malicious prosecution and the violation of
plaintiff's civil rights as a continuing wrong did not accrue until January 16,
1976, the date the charges against McElveen were dismissed (see *Peresluha
v City of New York, supra)* and, as to them, leave to file a late notice of
claim was properly granted. Regarding the claim for false imprisonment, we
note that the complaint does not spell out the duration of the imprisonment
or its termination, and we cannot, on the basis of the record before us,
determine whether leave should have been granted as to that cause of
action. We have therefore not disturbed the order of Special Term as to this
cause of action. This is without prejudice, however, to either party moving
at Special Term regarding the late notice as to this cause of action. Concur
—Kupferman, J. P., Sandler, Bloom, Lane and Lupiano, JJ.

---

* Assuming the plaintiff could have met the criteria outlined in the preamendment
section 50-e of the General Municipal Law, which would have warranted the exercise
by the court of its discretion in his favor, he would not have met the other
requirements. Under the old statute, permission to file a late notice could only be
granted if application were made within one year after accrual of the cause of action
and prior to commencement of an action against the city. In this case, the action was
commenced on July 23, 1976. The motion for leave was made in July, 1977, well over
one year after accrual of the cause of action and after the action was commenced.