■ JORDAN FERRICK, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. — Order of the Supreme Court, New York County (Greenfield, J.), entered May 6, 1983, which denied the motion for

summary judgment dismissing the complaint as to the New York City Transit Authority and the two defendants-appellants, transit police officers, modified, on the law without costs, to dismiss the first cause of action for assault, false arrest and false imprisonment and otherwise affirmed as to the second cause of action for malicious prosecution.

The underlying action, seeking to recover damages, arises out of an incident in June 1979, when the plaintiff was allegedly arrested and assaulted by two transit police officers in a subway station at 42nd Street and Lexington Avenue. In January 1980, the plaintiff was acquitted after a jury trial of charges of disorderly conduct and resisting arrest.

In June 1980, the action was commenced. In January 1983, the Transit Authority and the individual defendants moved for summary judgment dismissing the complaint on the ground that a timely notice of claim was not served, the notice of claim having been served over 90 days after the incident, in 1979.

The court, at Special Term, denied the motion to dismiss on the ground that it was an omnibus motion and did not distinguish among the various claims or causes of action and that the notice of claim for malicious prosecution was timely, inasmuch as that claim did not accrue until dismissal of the charges against the plaintiff.

Of course, there was no prejudice to the Transit Authority with respect to the notice of claim, and so we deal merely with the technical question.

The plaintiff has substantially conceded that the notice of claim was untimely as to the assault, false arrest and false imprisonment claims. While the claim for malicious prosecution could not accrue until after the acquittal in January 1980, it was implicit in this situation and, therefore, should be deemed timely. (*See, McElveen v Police Dept.*, 70 AD2d 858; *cf. Diemer v Diemer*, 8 NY2d 206.) To the extent that *Colena v City of New York* (68 AD2d 898, 900) is to the contrary, we believe it would exalt form over substance and, therefore, do not follow it.

The plaintiff asked that insofar as we may dismiss, it be directed only as to the Transit Authority and not as to the individual officers. However, service of a notice of claim is a condition precedent to the commencement of a tort action against them as well as the Transit Authority. (Public Authorities Law § 1212 [4]; General Municipal Law § 50-e [3].) Concur — Kupferman, J. P., Ross, Lynch, Kassal and Rosenberger, JJ.