(July 16, 1987)

■ ANTHONY J. VITALE, Respondent, v ROBERT J. HAGAN et al., Appellants, et al., Defendants.—Judgment of the Supreme Court, New York County (Michael Duskas, J.), entered November 21, 1985, which, after a jury verdict, awarded the plaintiff $1,000,000 plus interest, costs and disbursements totaling $1,051,025.25, is affirmed, without costs.

This action for assault and battery, false arrest and malicious prosecution arose from an altercation on March 28, 1981, over a minor automobile mishap, between then 50-year-old plaintiff, Anthony Vitale, and defendant Robert Hagan, then a New York City police sergeant.

As a result of the confrontation between Vitale and Hagan, in which plaintiff sustained various injuries, Hagan arrested Vitale, charging him with assault and resisting arrest. After his arrest he was taken to Bellevue Hospital for treatment. The criminal charges commenced against plaintiff were dismissed on December 10, 1981.

Plaintiff, who had commenced his own action for assault and battery, false imprisonment and malicious prosecution against defendant Hagan and the City of New York, went to trial on these claims from October 24 to November 9, 1985. The jury rendered a verdict in plaintiff's favor against Hagan and the city for battery, awarding $200,000 for pain and suffering and $50,000 for medical expenses, and for malicious prosecution, awarding plaintiff $750,000 in damages. The jury also awarded plaintiff $50,000 punitive damages against defendant Hagan.

The only issue raised on appeal meriting our discussion is whether the defendants are correct in arguing that the claim for malicious prosecution should have been dismissed for plaintiff's failure to serve a timely notice of claim.

More than a month after the March 28, 1981 altercation, plaintiff Vitale filed a notice of claim, dated June 21, 1981, asserting claims for assault and battery, false arrest and malicious prosecution. At the time the notice of claim was

filed, however, the criminal charges commenced against plaintiff by Officer Hagan had not yet been dismissed. That dismissal occurred on December 10, 1981.

On February 23, 1982, within 90 days of the dismissal of the criminal charges, plaintiff commenced the within action by service of a summons and verified complaint, asserting the causes of action for assault, battery, false imprisonment, malicious prosecution and punitive damages. The summons and complaint contained all the information required of a notice of claim for malicious prosecution. The city and Hagan answered, *inter alia,* with the affirmative defense that plaintiff had failed to file a timely notice of claim for malicious prosecution, since that claim had not yet matured when the June 21, 1981 notice of claim was filed.

At various points during trial and after the verdict, defendants moved to dismiss the claim for malicious prosecution. Plaintiff responded that under the authority of *Quintero v Long Is. R. R.* (31 AD2d 844), the summons and complaint could be deemed a valid notice of claim because it contained all the required information and was filed within 90 days of accrual of the cause of action. Special Term denied defendants' motion.

A cause of action for malicious prosecution arises on the date that the criminal charges against the defendant are dismissed on the merits or a verdict is entered in defendant's favor, either occurrence being an essential element to such a claim. *(Kelly v Kane,* 98 AD2d 861; *McElveen v Police Dept.,* 70 AD2d 858, 859.) Thus, plaintiff's cause of action for malicious prosecution arose on December 10, 1981.

General Municipal Law § 50-e requires that a notice of claim be filed within 90 days of accrual of a claim prior to commencing a tort action against a municipality. The trial court has discretion under the statute to grant leave to file a late notice of claim, but leave must be sought within the statutory time limit for commencement of the tort action against the municipality, one year and 90 days. (General Municipal Law § 50-e [5].) Plaintiff never sought leave to file a late notice of claim or to have the premature one deemed timely nunc pro tunc as of the date of dismissal of the charges.

In *Davidson v Bronx Mun. Hosp.* (64 NY2d 59, 61-62), the Court of Appeals rejected plaintiff's argument that his summons and complaint in a negligence action, filed within the 90-day period for filing a notice of claim and which was

followed by a late notice of claim, should be deemed a valid and timely notice of claim. The court noted that the purpose of a notice of claim is to allow municipalities time to investigate claims and possibly satisfy them prior to actual commencement of litigation. It then reasoned that "[b]y serving only a summons and complaint signalling a litigation, and not the statutory notice of claim followed by a summons and complaint, signalling a period for investigation, plaintiff frustrated such procedures and the legislative purpose served by the statutory scheme." *(Supra,* at 62.)

Such a thwarting of the legislative scheme did not occur herein. Plaintiff did file a notice of claim raising the malicious prosecution cause of action prior to filing the summons and complaint, although the claim at that time was still premature. Nevertheless, the city had notice of plaintiff's intent to raise this claim even prior to the filing of the summons and complaint, thus satisfying the intent of the statute. The only missing element in the malicious prosecution claim, dismissal of the criminal charges, subsequently took place and that fact was included in the summons and complaint, which itself was filed within 90 days of accrual of the malicious prosecution cause of action. Thus, the summons and complaint cured the defect in the premature notice of claim and did so within the proper time period for filing a notice of claim.

Under the special facts and circumstances of this case, therefore, we see no violation of the legislative intent in deeming the premature notice of claim, as cured by the filing of the summons and complaint within 90 days after dismissal of the criminal charges, a timely notice of claim. *(See, Quintero v Long Is. R. R.,* 31 AD2d 844, *supra.)*

Additionally, we are not shocked by the jury's award of damages on the malicious prosecution cause of action, and accordingly we affirm the judgment below. Concur—Carro, Asch, Milonas and Rosenberger, JJ.

Murphy, P. J., dissents in a memorandum as follows: On June 21, 1981, plaintiff purported to serve upon the city a notice of claim pursuant to General Municipal Law § 50-e. One of the torts alleged in the notice was that of malicious prosecution. The criminal charges against plaintiff which formed the basis for the malicious prosecution claim were, however, still pending and were not dismissed until December 10, 1981. Thus, at the time the notice of claim was served the cause of action for malicious prosecution had not yet arisen. *(See, McElveen v Police Dept.,* 70 AD2d 858.) Although plaintiff

did serve a summons and complaint upon the city within 90 days after the accrual of the malicious prosecution cause, he never moved pursuant to General Municipal Law § 50-e (5) to serve a late notice of claim or otherwise to comply with the statute which provides that a notice of claim "shall * * * be served * * * within ninety days *after* the claim arises". (General Municipal Law § 50-e [1] [a] [emphasis added].)

In its answer to the complaint, the city raised as an affirmative defense plaintiff's failure to serve a timely notice of claim for malicious prosecution, and at trial the city moved unsuccessfully on three occasions to dismiss the malicious prosecution cause of action.

In my view, the malicious prosecution cause should have been dismissed. A timely notice of claim is a condition precedent to the commencement of a tort action against the city (General Municipal Law § 50-e [1] [a]; *Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 61). As noted, to comply with the statute the notice must be served within 90 days after the claim arises (General Municipal Law § 50-e [1] [a]). Here, it is undisputed that the premature notice of the malicious prosecution claim was not served within the requisite time period. And although plaintiff had ample notice of the defect which was expressly relied upon by the city in its answer, plaintiff did nothing to cure it. Indeed, plaintiff wholly failed to move for leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5). While a court would have had some discretion within the one-year-and-90-day statutory period to permit service of a late notice of claim, that period has come and gone and there is no longer a basis for any exercise of discretion to permit service of a valid notice of claim. Much less can plaintiff's complete failure to comply with the statute's requirements be disregarded as harmless; we simply do not have the power to dispense with statutory conditions precedent to the institution of a lawsuit against a municipal corporation. *(See, Pierson v City of New York,* 56 NY2d 950.) As the Court of Appeals has made clear in *Davidson (supra),* even service of a complaint within the 90-day period after the action arises does not excuse service of a valid notice of claim *(Davidson v Bronx Mun. Hosp., supra,* at 62).

But even if there were some authority to dispense with the statute's requirements, I would still be at a loss to see the circumstances in this case justifying such special dispensation. Notwithstanding the dismissal of his malicious prosecution cause, plaintiff will still be entitled to receive compensatory and punitive damages of $300,000 for battery. Strict applica-

tion of the law does not here deprive the injured party of all, or even an adequate recovery.

In any case, the damages awarded for malicious prosecution were shockingly excessive and should be reduced. The $750,000 award bears not the slightest relation to the actual damages. Plaintiff's legal expenses in defending the criminal action did not exceed $15,000. He was minimally inconvenienced by having to appear in court no more than six times and was never incarcerated. Even if allowance is made for some injury to plaintiff's reputation and mental anguish suffered as a result of the criminal prosecution, the amount awarded is still grossly excessive. (See, Perry v City of New York, 115 AD2d 376.)

· Accordingly, I dissent and would dismiss plaintiff's malicious prosecution cause of action. Alternatively, I would reverse to the extent of remanding for a new trial on damages as to the malicious prosecution cause of action unless plaintiff agrees to accept a reduced award of $25,000.