(May 23, 1988)

■ CHANTAY ADAMS et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.

The plaintiffs claim to have sustained injuries on July 18, 1984 when the bus on which they were lawful passengers made a sudden and unexpected stop causing them to be thrown forward. The plaintiff Adams served a notice of claim upon the Metropolitan Transit Authority *[sic]* (hereinafter the MTA) on October 12, 1984. The plaintiff Bouderau served an identical notice on the MTA on October 16, 1984. The MTA was never a party to the instant action. The plaintiffs never caused a notice of claim to be served upon the New York City Transit Authority (hereinafter NYCTA) the named defendant. The MTA thereafter forwarded copies of the plaintiffs' notices of claim to the NYCTA. Those notices were received by the NYCTA on October 18 and 19, 1984, as evidenced by the official NYCTA stamped receipt, which date was subsequent to the operation of the 90-day statutory period. The NYCTA acknowledged receipt of the notices of claim and conducted oral examinations of the plaintiffs pursuant to General Municipal Law § 50-h on April 2, 1985.

After service of the plaintiffs' verified complaint on October 1, 1985, the NYCTA asserted, *inter alia,* the affirmative defenses of the plaintiffs' failure to have served it with a notice of claim within the prescribed time and the plaintiffs' failure to set forth the amount of damages to which they deemed themselves entitled. The plaintiffs moved to dismiss these affirmative defenses, while the NYCTA cross-moved for summary judgment dismissing the complaint.

It has been held by this court that "the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility" *(Cusick v Lutheran Med. Center,* 105 AD2d 681). Public Authorities Law § 1204 (1) empowers the NYCTA to sue and to be sued. However, no action predicated on negligence can be maintained against the NYCTA or an officer or employee thereof unless a notice of

claim shall have been made and served upon it within the time specified and in compliance with all the requirements of General Municipal Law § 50-e (Public Authorities Law § 1212 [4]). Stated succinctly, service of a notice of claim is a condition precedent to the commencement of a tort action against the NYCTA *(see, Ferrick v City of New York,* 111 AD2d 113, 114; *cf., Andersen v Long Is. R. R.,* 88 AD2d 328, 334-335, *affd* 59 NY2d 657, *rearg denied* 60 NY2d 586). The MTA was clearly not a proper recipient of service for the NYCTA (General Municipal Law § 50-e [3] [a]). Inasmuch as the notices of claim were not served upon a person designated for that purpose and since the NYCTA only received them after the expiration of the 90-day period (General Municipal Law § 50-e [1] [a]), the service effected by the plaintiffs herein was patently invalid.

While a municipal corporation may, by its conduct, waive an irregularity in the notice of claim, the requirements as to the manner or time of service may not be so waived *(Matter of Miller v New York City Hous. Auth.,* 7 AD2d 922, 923, *affd* 6 NY2d 932). Under the circumstances, the complaint was properly dismissed. Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.