■ STEVEN STILE, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants.—In an action to recover damages for false arrest and malicious prosecution, the defendants City of New York and Detective Paul Barone appeal from a judgment of the Supreme Court, Kings County (Spodek, J.), dated June 1, 1989, which, upon a jury verdict and the plaintiff's stipulation to reduce the verdict as to damages for false arrest to $475,000 and to reduce the verdict as to damages for malicious prosecution to $475,000, is in favor of the plaintiff and against them in the principal sum of $950,000.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, (1) by deleting the provision thereof which is in favor of the plaintiff on his cause of action to recover damages for malicious prosecution and substituting therefor a provision dismissing that cause of action, and (2) by deleting the provision thereof in favor of the plaintiff and against the appellants in the principal sum of $475,000 for damages for false imprisonment and substituting therefor a provision granting the appellants a new trial on the plaintiff's cause of action to recover damages for false imprisonment on the issue of damages only unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict against the appellants as to damages for false imprisonment to $150,000 and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to serve and file a stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

The plaintiff was arrested by the defendant Paul Barone, a New York City Police detective, without a warrant, after the defendants Vincent and Cathy Vola falsely reported to the detective, apparently a friend of theirs, that the plaintiff had stolen a ring while visiting their home. The detective ignored the plaintiff's protestations of innocence and his attorney's insistence that he investigate a prior incident wherein the Volas had similarly accused another man of stealing a ring and later dropped the charges.

The plaintiff was incarcerated for approximately 28 hours

awaiting arraignment, during which time he was strip-searched while police officers ridiculed him, was subjected to an anal cavity search, was beaten by his cellmates while an officer looked on, and was threatened by other officers with a beating for standing too close to the cell door. When he was finally produced for arraignment, the Volas dropped the charges after allegedly finding the ring on their doorstep. The plaintiff's case was dismissed and he was released. The detective thereafter apologized to the plaintiff for having arrested him and offered to arrest the Volas. This civil action ensued.

We find that the record amply supports the verdict on the plaintiff's cause of action to recover damages for false imprisonment. However, the cause of action to recover damages for malicious prosecution must be dismissed. Such a claim may arise only after an arraignment or indictment or some other "evaluation by a neutral body that the charges [were] warranted" *(Broughton v City of New York,* 37 NY2d 451, 459; *see, Vitale v Hagan,* 132 AD2d 468, *mod* 71 NY2d 955). The defendant was released before any of these occurrences. Thus, while the plaintiff was unquestionably falsely imprisoned, he did not thereafter suffer any "unjustifiable litigation" *(Broughton v City of New York, supra)* on which to base a cause of action sounding in malicious prosecution.

We find that the award of damages for false imprisonment was excessive to the extent indicated. Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.