■ WILLIAM DI GELOROMO, Appellant, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Respondents.—In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Nassau County (Balletta, J.), dated August 1, 1984, which denied his motion for leave to serve a late notice of claim and granted defendants' cross motion to dismiss the complaint.

Order affirmed, with costs.

The instant application for leave to file a late notice of claim was made after the expiration of the one-year and 30-day Statute of Limitations set forth in Public Authorities Law § 1276 (2) (see, Andersen v Long Is. R. R., 88 AD2d 328, affd 59 NY2d 657). While a formal notice of claim is no longer required before suing a subsidiary of the Metropolitan Transportation Authority, plaintiff must still serve a demand and wait 30 days before serving a complaint (see, Public Authorities Law § 1276 [6]; Andersen v Long Is. R. R., supra). The court may only grant permission to file a late notice of claim or demand if the motion is made within the statutory period (see, General Municipal Law § 50 [e] [5]; Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256). Therefore, the court was without jurisdiction to grant the motion to file a late notice of claim unless the Metropolitan Suburban Bus Authority (hereinafter MSBA) is equitably estopped from raising the Statute of Limitations.

Plaintiff argues that the MSBA should be estopped from asserting the Statute of Limitations because of the culpable conduct of its employee in allegedly leaving the scene of an accident. However, equitable estoppel will be applied against governmental agencies only in exceptional cases (Matter of

*1555 Boston Rd. Corp. v Finance Administrator of City of N. Y.,* 61 AD2d 187). Plaintiff fails to show that this is such a case. Insufficient probative evidence has been adduced to link the MSBA to the accident and, thus, it has not been demonstrated that the MSBA engaged in conduct of such a nature as to give rise to an estoppel. Therefore, the court properly held that the action was barred by the Statute of Limitations and that a late notice of claim should not be served.

Plaintiff challenges on equal protection grounds the validity of the Statute of Limitations for tort claims brought against the MTA and its subsidiaries. However, it is well-settled law in this State that "limitations imposed on actions as a condition of the State's limited waiver of sovereign immunity are matters of legislative discretion not amenable to an equal protection challenge" *(Umansky v New York Metropolitan Tr. Auth.,* 111 AD2d 918, 919; *Matter of Brown v Board of Trustees,* 303 NY 484; *Pausley v Chaloner,* 54 AD2d 131, *appeal dismissed* 41 NY2d 900, *lv denied* 41 NY2d 805). Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.