■ Nancy De Forrest, Respondent, v Edith Bruce, Appellant.—In an action to impress a constructive trust upon the death benefits payable to the defendant as beneficiary, the defendant appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered August 19, 1985, which denied her motion for summary judgment dismissing the plaintiff's complaint.

Order reversed, on the law, with costs, motion granted and complaint dismissed.

On May 28, 1976, the decedent, Richard De Forrest, designated his sister, the defendant, as the beneficiary of his death benefits under the New York State Retirement System. Subsequently, on July 30, 1976, the decedent married the plaintiff. The decedent died on May 28, 1983, without changing the beneficiary of his New York State benefits. Following the decedent's death, the plaintiff sought to collect these benefits. After a hearing, the hearing officer found that the failure of the decedent to change the beneficiary necessitated that the funds be paid to the defendant. The plaintiff subsequently instituted an action to impress a constructive trust on the benefits. The defendant moved for summary judgment dismissing the complaint. The motion was denied.

The plaintiff contends that the decedent had orally promised her after their marriage that he would make her beneficiary of all his insurance policies as well as his other benefits. It has long been held that in order for a constructive trust to be established it is necessary to have (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119; *see also, Coco v Coco,* 107 AD2d 21, 24). The plaintiff's only argument is that the decedent orally promised to make her a beneficiary. The designation of the beneficiary of the decedent's New York State Employees' Retirement System benefits was made by the decedent prior to his marriage to the plaintiff. The plaintiff has failed to establish her right to impress a constructive trust, because she has not demonstrated that she had some interest in the property prior to obtaining the promise *(see, Bontecou v Goldman,* 103 AD2d 732, 733). Thus, there was no transfer in reliance on the promise. There has been no demonstration by the plaintiff that she is entitled to have a constructive trust impressed upon the decedent's New York State Employees' Retirement System benefits, pursuant to the language of *Sharp v Kosmalski (supra).* We have considered the plaintiff's other contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.