■ ANN M. LADONE, Respondent, v FRANK LADONE, Defendant, and ANNA LADONE, Appellant. (Action No. 1.) FRANK

LADONE, Appellant, v ANN M. LADONE, Respondent. (Action No. 2.)—In actions to impress a constructive trust upon certain real property and for a divorce and ancillary relief, (1) Anna Ladone, a defendant in action No. 1 appeals from a judgment of the Supreme Court, Nassau County (Christ, J.), dated January 25, 1984, which, after a nonjury trial, impressed a constructive trust on the subject real property in favor of the plaintiff Ann Marie Ladone and reserved a life estate to the defendant Anna Ladone in that portion of the property presently occupied by her, namely the garage apartment; and (2) the plaintiff in action No. 2 appeals from a judgment of the same court, dated February 10, 1984, which granted the defendant wife Ann Marie Ladone's counterclaim for a divorce and ancillary relief.

Appeal from the judgment dated February 10, 1984, dismissed, for failure to perfect the same in accordance with the rules of this court (see, 22 NYCRR 670.20 [f]).

Judgment dated January 25, 1984, affirmed.

The plaintiff in action No. 1, Ann Marie Ladone, is awarded one bill of costs payable by the defendant in action No. 1 Anna Ladone.

In order to impress a constructive trust upon a property interest, the plaintiff must prove: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (see, McGrath v Hilding, 41 NY2d 625, 629; Sharp v Kosmalski, 40 NY2d 119, 121; Coco v Coco, 107 AD2d 21, 24). The trial court's determination that Ann Marie Ladone sustained her burden of proof with respect to each of these four elements was correct and not against the weight of the evidence. In this regard, great consideration should be given to the trial court's findings, since it had a better opportunity to evaluate the credibility and probative value of the testimony of each witness, especially in the context of the family relationship presented by the facts of this case (see, e.g., Smith v Smith, 273 NY 380).

The appellant Anna Ladone's main contention on appeal, i.e., that the plaintiff Ann Marie Ladone did not possess an interest in the property prior to Anna Ladone's promise to reconvey it, is without merit. The appellant is correct in asserting that in order to establish that there was a transfer in reliance on a promise to reconvey, "it must be shown that the party seeking to impose the constructive trust had some interest in the property prior to obtaining the promise that the property would be conveyed" (Bontecou v Goldman, 103

AD2d 732, 733; *see, Scivoletti v Marsala,* 97 AD2d 401, 402, *affd* 61 NY2d 806; *Matter of Wells,* 36 AD2d 471, 474, *affd* 29 NY2d 931). However, when Ann Marie Ladone signed the contract to purchase the real estate in question, she was immediately vested with equitable title therein *(see, Carthage Tissue Paper Mills v Village of Carthage,* 200 NY 1, 3; *Williams v Haddock,* 145 NY 144, 150; 62 NY Jur, Vendor and Purchaser, § 93, at 343). Accordingly, when Ann Marie Ladone relinquished this property interest in reliance on Anna Ladone's promise to reconvey, the third element necessary to impress a constructive trust, to wit, a transfer in reliance on a promise, was established *(cf. Bontecou v Goldman, supra,* p 733; *Scivoletti v Marsala, supra,* p 402; *De Forrest v Bruce,* 120 AD2d 698). Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.