■ FRANK YASUS et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants.—Order of the Supreme Court, New York County (Martin Evans, J.), entered June 11, 1984, denying the motion of the defendants-appellants to dismiss the complaint as untimely, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed.

The plaintiff complains of injuries suffered on September 25, 1982 when he fell between a temporary boarding platform and the train at the Woodside station of the defendant Long Island Railroad.

A notice of claim was served on December 14, 1982, and the summons and complaint were served on December 21, 1983. Issue was joined on January 6, 1984, and the defendants raised the affirmative defense of the Statute of Limitations in their answer.

The pertinent statute is Public Authorities Law § 1276 (2), which requires that the action be commenced not later than one year after the cause of action has accrued. Subdivision (6) of the same section discusses the Statute of Limitations with respect to a subsidiary corporation. In *Andersen v Long Is. R. R.* (59 NY2d 657), it was held that the Long Island Railroad is a subsidiary corporation of the Metropolitan Transportation Authority, and, therefore, the same limitation's rule would apply.

Subdivision (1) of Public Authorities Law § 1276, providing for a 30-day waiting period after a notice of claim, gives a total possible time of one year and 30 days. *(See, Penner v National R. R. Passenger Corp.,* 98 AD2d 631.) Thus, the summons and complaint having been served more than one year and 30 days after plaintiff's cause of action accrued, defendants' motion to dismiss the complaint as barred by the applicable Statute of Limitations should have been granted. Concur—Kupferman, J. P., Ross, Milonas, Kassal and Wallach, JJ.