■ MARY A. PETROCCITTO et al., Respondents, v METRO NORTH COMMUTER RAILROAD, Appellant.

The plaintiff Mary Petroccitto was allegedly injured on May 2, 1985, when she fell while riding in a train which was allegedly under the control and operation of the defendant. The plaintiffs' claims against the defendant were interposed on June 16, 1986, when a summons and complaint were served. The complaint alleged that the defendant was a "direct subsidiary of the Metropolitan Transportation Authority".

The defendant made a motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the basis that the plaintiffs' action had not been commenced within one year and 30 days of the accident *(see,* Public Authorities Law § 1276; *Di Geloromo v Metropolitan Suburban Bus Auth.,* 116 AD2d 691; *Wenning v Metropolitan Transp. Auth.,* 112 AD2d 220; *Penner v National R. R. Passenger Corp.,* 98 AD2d 631). The court denied this motion upon the basis that the defendant failed to prove that it was a subsidiary of the Metropolitan Transportation Authority so as to benefit from the one-year-and-30-day period of limitation *(see,* Public Authorities Law § 1276 [6]). We reverse.

In deciding a motion to dismiss a complaint based upon a defense provided by a Statute of Limitations, a court must deem the allegations of the complaint to be true *(see, Nasaba Corp. v Harfred Realty Corp.,* 287 NY 290; *Lyons v Quandt,* 91

AD2d 709, 710). In the present case, the plaintiffs allege in their complaint that the defendant is a "direct subsidiary" of the Metropolitan Transportation Authority, so that the terms of Public Authorities Law § 1276 are clearly applicable. The defendant had no need to prove, in its motion, that which the plaintiffs themselves admit in their complaint. If the plaintiffs were to have successfully opposed the defendant's motion on the premise that the defendant was in fact *not* a subsidiary of the Metropolitan Transportation Authority, then sufficient proof to warrant an amendment of the complaint in that respect should have been produced. As it stands, the record contains no evidence to contradict the plaintiffs' own assertion that the defendant is a subsidiary of the Metropolitan Transportation Authority. Various courts have, in any event, recognized that the defendant is, in fact, a subsidiary of the Metropolitan Transportation Authority *(see, e.g., People v Metro-North Commuter R. R. Co.,* 132 Misc 2d 1072, 1073; *Metropolitan Transp. Auth. v Interstate Commerce Commn.,* 792 F2d 287, 291-292, *cert denied* 479 US 1017).

We have examined the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.