■ STEVEN M. ROSE, Appellant, v METRO NORTH COMMUTER RAILROAD et al., Respondents, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (Owen, J.), dated August 30, 1985, which granted the motion of the defendants Metro North Commuter

Railroad and Metropolitan Transportation Authority to dismiss the complaint as against them on Statute of Limitations grounds.

Ordered that the order is affirmed, with costs.

The plaintiff was injured on December 3, 1983, while attempting to board a train of the defendant Metro North Commuter Railroad (hereinafter Metro North).

The plaintiff served his notice of claim upon the Metropolitan Transportation Authority (hereinafter the MTA) on February 15, 1984, claiming damages for personal injuries. On September 7, 1984, the defendant Metro North served its notice for oral examination (demand for statutory hearing) pursuant to both the Public Authorities Law and General Municipal Law § 50-h. The examination was adjourned at various times. The last scheduled date for the examination was April 3, 1985. The examination never took place. The plaintiff served the summons and an amended complaint on Metro North and the MTA on February 11, 1985. In their joint, verified answer to the amended complaint, the defendants Metro North and MTA set forth certain affirmative defenses, including, among others, that the action was time barred pursuant to Public Authorities Law § 1276 (2).

Subsequent thereto, Metro North and the MTA moved for summary judgment dismissing the complaint as against them on the ground that the action against them was time barred. These defendants alleged that the provisions of Public Authorities Law § 1276 were applicable to both of them and that the Statute of Limitations therein was one year, which was extended by 30 days only, due to the statutory stay set forth in Public Authorities Law § 1276 (1) (CPLR 204 [a]).

Public Authorities Law § 1276 governs actions against the MTA and its subsidiaries, including Metro North. By operation of CPLR 204 (a), the statutory stay of Public Authorities Law § 1276 (1) tolls the limitation period set forth in Public Authorities Law § 1276 (2) for 30 days (Andersen v Long Is. R. R., 88 AD2d 328, affd 59 NY2d 657, rearg denied 60 NY2d 586). Thus, the net limitation period governing the action against Metro North and the MTA is one year and 30 days (Penner v National R. R. Passenger Corp., 98 AD2d 631).

We note that contrary to the plaintiff's assertions, Metro North's service of its notice for oral examination upon the plaintiff did not operate as a toll upon the period in which the action had to be commenced under either the Public Authorities Law (Simon v Capital Dist. Transp. Auth., 95 AD2d 902)

or the General Municipal Law *(see, Astromovich v Huntington School Dist. No. 3,* 80 AD2d 628, *affd* 56 NY2d 634).

As the accident occurred on December 3, 1983, and these defendants were served on February 11, 1985, 40 days beyond the applicable limitations period, the action was time barred as against these defendants.

Since the record disclosed nothing that would estop Metro North and the MTA from raising the Statute of Limitations defense *(Wenning v Metropolitan Transp. Auth.,* 112 AD2d 220), the action was properly dismissed as to them.

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.