■ ROSE FRANCESE, Respondent, v SEARS, ROEBUCK & Co., Defendant and Third-Party Plaintiff, et al., Defendant. CITY OF MOUNT VERNON et al., Third-Party Defendants-Appellants.—

In an action to recover damages for personal injuries, the third-party defendants City of Mount Vernon and City of Mount Vernon Water Department appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered September 7, 1990, which granted the plaintiff's motion for leave to serve a late notice of claim upon them and to amend the complaint to assert a cause of action against them.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff's motion for leave to serve a late notice of claim was not made until after the expiration of the applicable Statute of Limitations. Hence, the motion was untimely as a matter of law and, absent a finding of equitable estoppel, the Supreme Court lacked the authority to grant the motion (see, General Municipal Law § 50-e [5]; *Pierson v City of New York*, 56 NY2d 950; *Matter of Adams v City of New York*, 180 AD2d 629; *Siahaan v City of New York*, 123 AD2d 620). Contrary to the plaintiff's contention and the Supreme Court's determination, the record is devoid of evidence suggesting that the third-party defendants engaged in any misleading conduct so as to support a finding of equitable estoppel in this case (see, *Luka v New York City Tr. Auth.*, 100 AD2d 323, affd 63 NY2d 667; *Hochberg v City of New York*, 99 AD2d 1028, affd 63 NY2d 665; *Matter of Rieara v City of New York Dept. of Parks & Recreation*, 156 AD2d 206; *Siahaan v City of New York, supra; Matter of Gross v New York City Health & Hosps. Corp.*, 122 AD2d 793). Accordingly, the court erred in granting the plaintiff's motion. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.