■ ROSE ZAIMAN, Appellant, v METROPOLITAN TRANSIT AUTHORITY, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCabe, J.), entered August 29, 1990, which granted the defendant's motion to dismiss the complaint and denied the plaintiff's cross motion for leave to serve a late notice of claim, nunc pro tunc, and amend the complaint naming the Manhattan and Bronx Surface Transit Operating Authority as a defendant.

Ordered that the order is affirmed, with costs.

The plaintiff was injured on March 1, 1988, while alighting from a bus owned and operated by the Manhattan and Bronx Surface Transit Operating Authority (hereinafter MABSTOA). However, the plaintiff served a notice of claim and thereafter a summons and complaint upon the Metropolitan Transit

Authority (hereinafter MTA), believing that the MTA owned and controlled the bus in question. In its answer, the MTA denied the allegation that it owned and operated the bus. Thereafter, a claims examiner employed by MABSTOA communicated with the plaintiff's counsel, requesting medical records, earnings loss verification and other information. Additionally, a surface line dispatcher for MABSTOA testified at an examination before trial, as a "non-party witness", with respect to the operation of the bus, while there was still time for the plaintiff to make a timely application for leave to serve a late notice of claim and to commence an action against MABSTOA.

The MTA subsequently moved to dismiss the complaint on the ground that MABSTOA, and not MTA, owned and operated the bus. In response, the plaintiff cross-moved in May 1990 for leave to serve a late notice of claim upon MABSTOA and amend the complaint to add MABSTOA as a defendant. Noting that the application to serve the late notice of claim was not made within the statutorily-required period, the Supreme Court granted the MTA's motion and denied the plaintiff's cross motion. We affirm.

Contrary to the plaintiff's contention, the MTA and MABSTOA are not equitably estopped from arguing that the Statute of Limitations bars the plaintiff from serving a notice of claim upon MABSTOA. As the Court of Appeals has explained, "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised" *(Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668). "[E]quitable estoppel will be applied against governmental agencies only in exceptional cases" *(Di Geloromo v Metropolitan Suburban Bus Auth.,* 116 AD2d 691).

In the instant case, the MTA served its answer denying ownership and operation of the bus, which should have alerted the plaintiff's counsel that the MTA may not have been the proper party to sue. At that time, the plaintiff could have made a timely motion for leave to serve a late notice of claim. There is no evidence that either the MTA or MABSTOA acted wrongfully or negligently, or in any manner that could reasonably induce the plaintiff into believing that her notice of claim was adequate or that the proper party had been named as a defendant *(see, Francese v Sears, Roebuck &*

*Co.,* 185 AD2d 225; *Reis v Manhattan & Bronx Surface Tr. Operating Auth.,* 161 AD2d 288; *Peele v Manhattan & Bronx Surface Tr. Operating Auth.,* 160 AD2d 602; *Thorne v New York City Tr. Auth.,* 127 AD2d 651).

In addition, there is no merit to the plaintiff's contention that the MTA and MABSTOA are "united in interest", so that service of a notice of claim and complaint upon the former constitutes service upon the latter *(see, Adams v New York City Tr. Auth.,* 140 AD2d 572, 573 [the MTA is not a proper recipient of service for the NYCTA]; *Reis v Manhattan & Bronx Surface Tr. Operating Auth., supra* [MABSTOA and NYCTA are distinct entities]; *Matter of Crespo,* 123 Misc 2d 862, 865 [MABSTOA and NYCTA are distinct and must be sued in their own names]). Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.