■ IMRAN KHAN GORAYA, Appellant, v MOHAMMED AMJAD ALI, Respondent. [600 NYS2d 104] —In an action for the imposition of a constructive trust and to recover damages for the breach of both an oral partnership agreement and a written agreement concerning the division of real property, the plaintiff appeals from a judgment of the Supreme Court, Queens County (LaFauci, J.H.O.) dated November 20, 1990, which, after a nonjury trial, is in favor of the defendant and against him, and which dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The defendant is the owner of certain real property in which the plaintiff asserts an interest. After trial, the Supreme Court found, among other things, that the premises in question "were purchased exclusively with the defendant's assets without any contribution * * * from the plaintiff" and that "the defendant has never conveyed in writing an ownership * * * interest in the * * * premises to the plaintiff". The Supreme Court rejected the plaintiff's claim that the property should be subjected to a constructive trust. We agree.

The property in question had never been the subject of a

transfer from the plaintiff to the defendant. "We agree with the [Supreme] Court's determination that the equitable remedy of a constructive trust is unavailable inasmuch as there has been no transfer of property to defendant in reliance upon a fiduciary relationship" *(Sierra v Garcia,* 168 AD2d 277, 278; *see, Sharp v Kosmalski,* 40 NY2d 119; *Matter of Wells,* 36 AD2d 471, *affd* 29 NY2d 931; *see also, De Forrest v Bruce,* 120 AD2d 698; *Kitchner v Kitchner,* 100 AD2d 954).

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.