Eugene CELLI and Wendy Liu, Plaintiffs,

v.

METRO–NORTH COMMUTER RAIL-ROAD and the Metropolitan Transportation Authority, Defendants.

No. 95 Civ. 1593 (JGK).

United States District Court,
S.D. New York.

June 21, 1995.

R. Christopher Owen, Owen & Eddy, White Plains, NY, for plaintiffs.

Mark K. Anesh and Edward A. Magro, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for defendants.

## OPINION AND ORDER

KOELTL, District Judge:

The defendants, Metro–North Commuter Railroad ("Metro–North") and the Metropolitan Transportation Authority ("MTA"), have moved to dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the claims are barred under the applicable Statute of Limitations. For the reasons explained below, the defendants' motion is granted.

The plaintiffs' complaint arises out of injuries Mr. Celli allegedly suffered while he was disembarking from a train at the Peekskill train station on December 28, 1993. Mr. Celli claims that he was injured when the train moved without warning while he was disembarking, causing him to fall. The plaintiffs provided a notice of claim to the MTA dated February 28, 1994 that the defendants say they received on or about March 8, 1994. The plaintiffs filed their summons and complaint on March 8, 1995 in this Court alleging that Mr. Celli suffered injuries caused by the negligence and carelessness of the defendants and that Ms. Liu, who is Mr. Celli's wife, has suffered a loss of services and companionship as a result of the injuries the defendants' negligence allegedly caused her husband.

The parties agree that New York law provides the applicable statute of limitations in this diversity case. *See Monaghan v. SZS 33 Associates, L.P.*, 827 F.Supp. 233, 241 (S.D.N.Y.1993) (Sweet, J.) (a federal court must apply the substantive law of the forum state under *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), including the statute of limitations unless the borrowing statute applies). However, they do not agree on which provision of New York law supplies the applicable statute of limitations.

The defendants argue that Public Authorities Law § 1276 provides the applicable statute of limitations. This statute provides, in relevant part:

**§ 1276. Actions against the authority.**

1. As a condition to the consent of the state to such suits against the authority, in every action against the authority ... for personal injuries ..., the complaint shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the authority or other officer designated for such purpose and that the authority has neglected or refused to make an adjustment or payment thereof.

2. An action against the authority founded on tort, except an action for wrongful death, shall not be commenced more than one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been served on the authority within the time limited by and in compliance with all the requirements of section fifty-e of the general municipal law. An action against the authority for wrongful death shall be commenced in accordance with the notice of claim and time limitation provisions of title eleven of article nine of this chapter....

6. The provisions of this section which relate to the requirement for service of a notice of claim shall not apply to a subsidiary corporation of the authority. In all other respects, each subsidiary corporation of the authority shall be subject to the provisions of this section as if such subsidiary corporation were separately named herein....

N.Y.Pub.Auth.Law § 1276 (McKinney 1982 & Supp.1995). Under subsections (1) and (2) of § 1276, a claim must be filed within one year and thirty days of the accrual of the cause of action. *See Rose v. Metro North Commuter R.R.*, 143 A.D.2d 993, 994, 533 N.Y.S.2d 629, 630–31 (2d Dep't 1988) ("By operation of CPLR 204(a), the statutory stay of Public Authorities Law § 1276(1) tolls the limitations set forth in Public Authorities Law § 1276(2) for 30 days. Thus, the net limitation period governing the action against Metro North and the MTA is one year and 30 days.") (citations omitted), *appeal dis-*

*missed,* 73 N.Y.2d 994, 538 N.E.2d 357, 540 N.Y.S.2d 1005 (1989).

▌ In this case, the statute of limitations began to run on the date of the alleged accident—December 28, 1993. *See Jackson v. L.P. Transp., Inc.,* 134 A.D.2d 661, 662, 521 N.Y.S.2d 172, 173 (3d Dep't 1987) ("The common-law rule in personal injury actions is that the cause of action accrues on the date of the accident.") (citations omitted), *aff'd,* 72 N.Y.2d 975, 530 N.E.2d 1282, 534 N.Y.S.2d 362 (1988); *see also Triangle Underwriters, Inc. v. Honeywell, Inc.,* 604 F.2d 737, 744 (2d Cir.1979) ("A [negligence] cause of action accrues when acts or omissions constituting negligence produce injury.") (citation omitted). In this case, the statute of limitations of § 1276 expired on January 27, 1995, one year and thirty days after the date of the alleged accident. The plaintiffs filed their complaint on March 8, 1995—forty days later. Accordingly, the defendants argue that the plaintiffs' claims are time-barred and that the Court should dismiss the plaintiffs' complaint. The plaintiffs agreed at oral argument that, if § 1276 applies, their complaint is time-barred.

First, the plaintiffs argue that § 1276 of the Public Authorities law does not apply. Second, they argue that even if § 1276 does apply, the defendants are estopped from invoking it in this case. Third, the plaintiffs argue that the Court should not apply § 1276 in the interest of justice. Fourth, the plaintiffs argue that § 1276 violates the Equal Protection clause of the Constitution. Fifth and finally, the plaintiffs argue that § 1276 is unconstitutionally vague. None of these arguments has any merit.

First, with respect to whether § 1276 of the Public Authorities law applies, the plaintiffs argue that the defendants are municipal corporations and that, therefore, General Municipal Law § 50–i provides the applicable statute of limitations for their claims. That provision contains a one year and ninety day statute of limitations. The plaintiffs argue that § 1276 of the Public Authorities Law merely provides an alternative statute of limitations to that contained in General Municipal Law § 50–i.

▌ The plaintiffs' argument is meritless. Section 1276 applies because MTA is a public authority and Metro–North is a wholly owned subsidiary of the MTA. Accordingly, without exception, every court that has considered the issue has held that § 1276 sets forth the statute of limitations for tort actions against the MTA and its subsidiaries, including Metro–North. *See, e.g., Tall v. Town of Cortlandt,* 709 F.Supp. 401, 408 (S.D.N.Y.1989) (Sweet, J.) (§ 1276 provides the statute of limitations for claims against Metro–North so that tort actions must be commenced within one year and thirty days of the commission of the tort); *Rose,* 143 A.D.2d at 994, 533 N.Y.S.2d at 630–31 (one year and thirty day statute of limitations, under § 1276, applies to actions against the MTA and Metro–North); *Yasus v. Metropolitan Transp. Auth.,* 128 A.D.2d 389, 512 N.Y.S.2d 397, 398 (1st Dep't 1987) (§ 1276 applies to a suit against the MTA and the Long Island Railroad); *Wenning v. Metropolitan Transp. Auth.,* 112 A.D.2d 220, 491 N.Y.S.2d 437, 438 (2d Dep't 1985) (§ 1276 provides the statute of limitations for tort actions against the MTA and the Long Island Railroad, a subsidiary corporation); *Penner v. National R.R. Passenger Corp.,* 98 A.D.2d 631, 469 N.Y.S.2d 385, 386 (1st Dep't 1983) (§ 1276 applies to actions against the Long Island Railroad).

Second, with respect to the issue of estoppel, the plaintiffs argue that the defendants should be equitably estopped from arguing that they are not municipal corporations for purposes of the statute of limitations because their names contain the word "metropolitan" in the case of the defendant MTA, and the prefix "metro" in the case of the defendant Metro–North and that these names connote "a city." (Pls.' Mem.Opp'n Mot. at 1.) Thus, the plaintiffs argue, the defendants' use of the word "metropolitan" and the prefix "metro" created a "trap" by leading the plaintiffs to conclude, reasonably, that the defendants are "municipal subdivisions of the City of New York." (Pls.' Mem.Opp'n Mot. at 1–2.) The plaintiffs argue that applying § 1276 would "prove that the law in its application is nothing more than a series of traps and hurdles designed to confront and confound the ordinary practitioner and their unsus-

pecting clients." (Pls.' Aff.Opp'n Mot. at ¶ 5.)

■ However, the courts have been very clear with respect to when the doctrine of equitable estoppel applies. In *Zaiman v. Metropolitan Transit Auth.*, 186 A.D.2d 555, 588 N.Y.S.2d 402 (2d Dep't 1992), the court explained:

As the Court of Appeals has explained, 'where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised.' 'Equitable estoppel will be applied against governmental agencies only in exceptional cases.'

*Id.* at 556, 588 N.Y.S.2d at 404 (citations omitted); *see also DiGeloromo v. Metropolitan Suburban Bus Auth.*, 116 A.D.2d 691, 691–92, 498 N.Y.S.2d 8, 9 (2d Dep't 1986) (equitable estoppel applies against governmental agencies only in exceptional cases).

■ Here, the plaintiffs have failed to allege circumstances justifying estoppel. They do not show that the defendants acted wrongfully or negligently in any way; in fact, their argument that the defendants' "deliberate choice of words in their respective titles" creates a "trap of their own doing," (Pls.'s Mem.Opp'n Mot. at 2), hardly can be made in good faith. Instead, the plaintiffs demonstrate that they simply did not consult the numerous cases which have made clear that § 1276 of the Public Authorities Law applies. This lack of awareness is not the result of a "trap" set up by the defendants and it does not work an estoppel. *See, e.g., Wenning,* 491 N.Y.S.2d at 438 (no estoppel where the plaintiff "failed to establish conduct on the part of defendants which would estop [the defendants] from interposing the defense of the Statute of Limitations.") (citations omitted).

■ Third, the plaintiffs argue that the Court should deny the defendants' motion "in

the interest of justice as the law favors determinations on the merits." (Pls.' Mem.Opp'n Mot. at 2–3.) The plaintiffs' argument notwithstanding, statutes of limitations accomplish justice by requiring the prompt litigation of claims and allowing stale claims to be foreclosed.

■ Fourth, the plaintiffs argue that Public Authorities Law § 1276 is unconstitutional because it denies the plaintiffs the equal protection of the laws. They assert: "To uphold the Public Authorities Law Section 1276 would deny to plaintiffs a remedy available to others simply by virtue of the fact that they were injured by a railroad, as opposed to other means." (Pls.' Aff.Opp'n Mot. at ¶ 6.) However, this argument correctly and consistently has been rejected. For example, in *DiGeloromo v. Metropolitan Suburban Bus Auth.*, 116 A.D.2d 691, 498 N.Y.S.2d 8 (2d Dep't 1986), the court, in rejecting an equal protection challenge to the one year and thirty day statute of limitations of § 1276, explained: "[I]t is well settled law in this State that 'limitations imposed on actions as a condition of the State's limited waiver of sovereign immunity are matters of legislative discretion not amenable to an equal protection challenge.'" *Id.* at 692, 498 N.Y.S.2d at 10 (citations omitted); *see also Umansky v. New York Metro. Transit Auth.,* 111 A.D.2d 918, 919, 491 N.Y.S.2d 33, 33–34 (2d Dep't 1985) (same).

■ Fifth, the plaintiffs argue that § 1276 is unconstitutionally vague because what constitutes a "subsidiary corporation," is a "hotly litigated" issue.[1] This argument, too, is unavailing. Again, the fact that Metro–North is a wholly owned subsidiary of the MTA is a matter of public record. Accordingly, every court that has addressed the issue has held that the one year and thirty day statute of limitations of § 1276 applies to suits against Metro–North. *See, e.g., Tall,* 709 F.Supp. at 408 (§ 1276 provides the statute of limitations for claims against Metro–North so that tort actions must be commenced within one

---

**1.** The plaintiffs did not brief this issue, but only raised it at oral argument and then without citing to any supporting authority.

year and thirty days of the commission of the tort).[2]

For all of the foregoing reasons, the defendants' motion is granted. The complaint is dismissed.

**SO ORDERED.**

---

**2.** At oral argument, the plaintiffs withdrew their argument that the defendants had failed to make a sufficient showing that Metro–North is not a stock corporation for which the one year and thirty day statute of limitations does not apply under Public Authorities Law § 1276(6). That provision provides:

> 6. The provisions of this section which relate to the requirement for service of a notice of claim shall not apply to a subsidiary corporation of the authority. In all other respects, each subsidiary corporation of the authority shall be subject to the provisions of this section as if such subsidiary corporation were separately named herein, *provided, however, that a subsidiary corporation of the authority which is a stock corporation shall not be subject to the provisions of this section except with respect to those causes of action arising on and after the first day of the twelfth calendar month following that calendar month in which such stock corporation becomes a subsidiary corporation of the authority.*

N.Y.Pub.Auth.Law § 1276(6) (McKinney 1982) (emphasis added). The existence of Metro–North and its relation to the MTA is a matter of public record repeatedly recognized by the courts. *See Petroccitto v. Metro North Commuter R.R.,* 140 A.D.2d 682, 683, 529 N.Y.S.2d 328, 329 (2d Dep't 1988). Indeed, as discussed above, every court that has considered the appropriate statute of limitations for actions against Metro–North has recognized that Metro–North is a subsidiary of the MTA and that § 1276, with its one year and thirty day statute of limitations, applies.