■ CAROL SATLER, Appellant, v RICHARD MERLIS et al., Respondents. [675 NYS2d 644] —In an action, *inter alia,* for the imposition of a constructive trust on certain real property, the plaintiff appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated May 19, 1997, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and denied her motion, *inter alia,* to stay an eviction proceeding.

Ordered that the order is affirmed, with costs.

The plaintiff was the sometime-live-in girlfriend of the defendant Richard Merlis between the years 1978 and 1987. In 1988 Merlis bought a six-room townhouse condominium. The plaintiff moved into it, while Merlis continued to live in his family home with his two sons, the defendants James F. Merlis and Jonathan Lee Merlis. It is undisputed that Richard Merlis alone paid for the townhouse. Richard Merlis claimed that he bought the property for tax purposes, but the plaintiff claims that he purchased it for her in consideration of her continued care and affection.

The plaintiff inhabited the condominium rent-free until 1996 when, after she refused to vacate the premises so that Jonathan Lee Merlis could move in, the Merlises served her with a notice to quit. The plaintiff then brought this action for the imposition of a constructive trust, to recover damages for fraud, and for injunctive relief. The court granted the defendants' motion to dismiss and denied her motion, *inter alia,* to stay an eviction proceeding, and we affirm.

To state a legally-sufficient cause of action for the imposition of a constructive trust, it is well established that a plaintiff must plead and prove four essential elements: (1) a confidential or fiduciary relationship; (2) a promise; (3) a transfer in reliance thereon; and (4) unjust enrichment caused by breach of the promise (*see, e.g., Sharp v Kosmalski,* 40 NY2d 119; *Goraya v Ali,* 194 AD2d 712; *Matter of Lefton,* 160 AD2d 702; *Gargano v V.C. & J. Constr. Corp.,* 148 AD2d 417; *Schwab v Denton,* 141 AD2d 714; *Onorato v Lupoli,* 135 AD2d 693; *Stephan v Shulman,* 130 AD2d 484; *Bontecou v Goldman,* 103 AD2d 732, 733-734). Here, the plaintiff failed to show any legally cognizable "transfer in reliance" or any "unjust enrichment" enjoyed by the defendants. Accordingly, her cause of action to impose a constructive trust was properly dismissed.

The plaintiff also failed to state a cause of action to recover damages for fraud, as the defendants' purported declarations that the townhouse would be hers in perpetuity were, at most, promises of future intent rather than misrepresentations of existing fact made to induce action or inaction on her part. It is well established that a cause of action alleging fraud may not be based on disappointment that a promised future benefit did not materialize (*see, e.g., Tutak v Tutak,* 123 AD2d 758, 760). Moreover, the plaintiff failed to demonstrate that she suffered any damages (*see, e.g., Hanlon v MacFadden Publ.,* 302 NY 502, 511; *see also, Matthews v Schusheim,* 42 AD2d 217, *affd* 35 NY2d 686).

In any event, we conclude that the plaintiff's causes of action are time-barred. She admitted that she was aware from the time of the purchase of the condominium in 1988 that her name was not on the title. Accordingly, the six-year Statute of Limitations on her causes of action to recover damages for fraud and to impose a constructive trust had run before she commenced the instant action in 1996 (*see,* CPLR 213 [1]; *Starkey v Starkey,* 192 AD2d 844; *Dybowski v Dybowska,* 146 AD2d 604).

The plaintiff's remaining contentions are without merit. Copertino, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.