■ SALVATORE CRIVARO et al., Appellants, v FRANK CRIVARO, Respondent. [743 NYS2d 513] —In an action, inter alia, for an accounting, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated May 18, 2001, as denied their motion to dismiss the defendant's counterclaims pursuant to CPLR 3211 and 3212, for leave to amend their reply to counterclaims to interpose the statute of frauds as a defense against the defendant's second counterclaim, and to compel the defendant to continue his examination before trial.

Ordered that the order is modified, on the law, by deleting (1) the provision thereof denying that branch of the motion which was to dismiss so much of the first counterclaim as seeks

to impose a constructive trust based on an alleged implied promise of the parents of the Crivaro brothers, and substituting therefor a provision granting that branch of the motion, and (2) the provision thereof denying that branch of the motion which was for leave to amend their reply to counterclaims to interpose the statute of frauds as a defense against the defendant's second counterclaim and substituting therefor a provision granting that branch of the motion, and, thereupon the second counterclaim is dismissed insofar as it seeks to recover damages based on an alleged 1985 oral agreement to care for the parents for life; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs.

In 1985 nonparties Guiseppe Crivaro and Maria Crivaro transferred ownership of a three-family dwelling to their three sons, Salvatore, Lawrence, and Frank, with each receiving a one-third interest. In 1999 the plaintiffs Salvatore Crivaro and Joan Crivaro, Lawrence's widow and legatee, commenced this action against the defendant, Frank Crivaro, inter alia, to compel a partition and sale of the property and for an accounting. The defendant counterclaimed to impose a constructive trust on the property and for a lien against the plaintiffs' interest in the property based on breach of contract. In a second counterclaim the defendant maintained that the plaintiffs allegedly failed to pay their share of the expenses relative to the property in breach of contract, and he sought a lien against the plaintiffs' interest in the property in the amount he paid in excess of his proportionate share. In reply to the first counterclaim, the plaintiffs interposed the affirmative defenses of the statute of limitations and the statute of frauds. The plaintiffs subsequently moved, inter alia, for dismissal of both of the defendant's counterclaims pursuant to CPLR 3211 and 3212 and for leave to amend their reply to interpose the affirmative defense of the statute of frauds against the defendant's second counterclaim. In the order appealed from, the Supreme Court, inter alia, denied such relief. We modify.

It is well settled that the four factors to be considered in imposing a constructive trust are (1) the existence of a confidential or fiduciary relationship, (2) a promise express or implied, (3) a transfer in reliance on such a promise, and (4) unjust enrichment (*see Simonds v Simonds,* 45 NY2d 233; *Sharp v Kosmalski,* 40 NY2d 119). Here, under the first counterclaim, the defendant alleged a constructive trust based upon both a promise allegedly made by his parents to him in 1952 concerning the property, and the plaintiffs' alleged 1985

oral promise to share equally the costs and expenses for the care of their parents for life. With regard to the alleged implied promise by the parents to the defendant, the defendant did not allege facts sufficient to support the imposition of a constructive trust as against the plaintiffs (*see Simonds v Simonds, supra*).

However, contrary to the plaintiffs' contention, the defendant alleged facts sufficient to state a cause of action for the imposition of a constructive trust based, inter alia, on the brothers' alleged oral promises to share equally the expenses of caring for their parents for life (*see Ladone v Ladone,* 121 AD2d 512; *see also Crown Realty Co. v Crown Hgts. Jewish Community Council,* 175 AD2d 151; *Gargano v VC & J Constr. Corp.,* 148 AD2d 417). Further, because the plaintiffs' alleged breach did not occur until 1995, the defendant's claim was timely when interposed in 1999 (*see Maric Piping v Maric,* 271 AD2d 507).

The Supreme Court erred in denying that branch of the plaintiffs' motion which was for leave to amend their reply to counterclaims to interpose the affirmative defense of the statute of frauds as to the defendant's second counterclaim sounding in breach of contract. Leave to amend pleadings is freely given absent prejudice or surprise to the opposing party (*see* CPLR 3025; *Caruso v Anpro, Ltd.,* 215 AD2d 713). Here, given the absence of prejudice or surprise to the defendant, and the reasonable excuse for the delay in requesting the amendment as proffered by the plaintiffs, leave to amend should have been granted (*see Caruso v Anpro, Ltd., supra*). Further, upon the grant of such leave, the counterclaim insofar as it concerns the alleged 1985 oral agreement of the brothers to care for the parents, must be dismissed as barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]; *Meltzer v Koenigsberg,* 302 NY 523). The dismissal of the remainder of the second counterclaim was properly denied.

The plaintiffs' remaining contentions are either without merit or academic in light of our determination. Altman, J.P., Smith, S. Miller and Cozier, JJ., concur.