In an action, inter alia, to compel specific performance of a contract for the sale of real property, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Donovan, J.), dated July 11, 2002, which, upon the granting of the defendant’s motion pursuant to CPLR 4401 to dismiss the complaint for failure to make a prima facie case, made at the close of the plaintiffs’ evidence, dismissed the complaint.
Ordered that the judgment is reversed, on the law and facts, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a new trial, with costs to abide the event.
The plaintiffs commenced this action, inter alia, to compel specific performance of a contract for the sale of real property owned by the defendant. At the close of the plaintiffs’ evidence, the Supreme Court granted the defendant’s motion pursuant to CPLR 4401 to dismiss the complaint for failure to make a prima facie case. We reverse.
Contrary to the plaintiffs’ argument, the Supreme Court properly exercised its discretion in permitting the defendant to amend his answer to interpose the statute of frauds as a defense (see CPLR 3025 [b]; Crivaro v Crivaro, 295 AD2d 304 [2002]; Smith v Peterson Trust, 254 AD2d 479 [1998]). However, view *349 ing the evidence in the light most favorable to the plaintiffs, and affording them every reasonable inference, it cannot be said that there was no rational process by which the trier of fact could have found for them (see CPLR 4401; Lyons v McCauley, 252 AD2d 516 [1998]). Accordingly, the Supreme Court should not have granted the defendant’s motion pursuant to CPLR 4401 to dismiss the complaint. Ritter, J.P, Florio, S. Miller and Luciano, JJ., concur. [As amended by unpublished order entered Feb. 10, 2004.]