■ John Doxey et al., Respondents-Appellants, v Glen Cove Community Development Agency et al., Appellants-Respondents, et al., Defendant. [813 NYS2d 743]—

In an action, inter alia, to impose a constructive trust on certain real property, the defendants Glen Cove Community Development Agency and Glen Cove Industrial Development Agency appeal from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered February 3, 2005, as denied that branch of their motion which was to dismiss the

fifth cause of action pursuant to CPLR 3211 (a) (7), and the plaintiffs cross-appeal from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order entered February 3, 2005, is reversed insofar as appealed from, on the law, and that branch of the appellants' motion which was to dismiss the fifth cause of action is granted.

To state a cause of action for the imposition of a constructive trust, the plaintiffs must plead and prove four essential elements: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119 [1976]; *Gaentner v Benkovich*, 18 AD3d 424, 426-427 [2005]; *Satler v Merlis*, 252 AD2d 551 [1998]). Accepting the plaintiffs' factual allegations as true and according them the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the plaintiffs failed to show a "legally cognizable transfer in reliance" on any promise by the Glen Cove Community Development Agency or the Glen Cove Industrial Development Agency (hereinafter the Glen Cove defendants) or unjust enrichment by the Glen Cove defendants (*Gaentner v Benkovich, supra* at 427; *Satler v Merlis, supra*). Accordingly, the fifth cause of action to impose a constructive trust should have been dismissed. Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.