ANTHONY VIOLA et al., Respondents-Appellants, v ROBERT GIORDANO et al., Appellants-Respondents. [917 NYS2d 695]—

Affording the complaint a liberal construction, accepting all facts as alleged in the complaint to be true, and according the plaintiffs the benefit of every possible inference, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]), we find that the eighth cause of action sufficiently pleaded a cause of action alleging unjust enrichment against the defendant Dominick Cervi and should not have been dismissed insofar as asserted against him (*see Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 149 [2009]; *Schwartz v Schwartz*, 55 AD3d 897, 898 [2008]).

The complaint fails to state a cause of action against the defendants Dominick Cervi and Dominick Cervi, Inc., based on a violation of General Business Law § 772. Accordingly, the fifth cause of action should have been dismissed.

The complaint also fails to state a cause of action to impose a constructive trust on certain real property as against the defendants Robert Giordano and Giordano Contracting, Inc. (hereinafter together the Giordano defendants) (*see Schwartz v Schwartz*, 36 AD3d 604 [2007]; *Doxey v Glen Cove Community Dev. Agency*, 28 AD3d 511, 512 [2006]). Accordingly, the ninth cause of action should have been dismissed insofar as asserted against the Giordano defendants.

In support of that branch of their cross motion which was for summary judgment dismissing the sixth and seventh causes of action insofar as asserted against them, the Giordano defendants established their prima facie entitlement to judgment as a matter of law. Both causes of action were premised on alleged

violations of Lien Law article 3-A, which "creates 'trust funds out of certain construction payments or funds to assure payment of subcontractors, suppliers, architects, engineers, laborers, as well as specified taxes and expenses of construction' " (*Aspro Mech. Contr. v Fleet Bank*, 1 NY3d 324, 328 [2004], quoting *Caristo Constr. Corp. v Diners Fin. Corp.*, 21 NY2d 507, 512 [1968]; *see* Lien Law §§ 70, 71). The Giordano defendants established, prima facie, that all Lien Law article 3-A trust funds they received in connection with the project at issue here were paid out for purposes of the plaintiffs' home improvements. Therefore, the Giordano defendants established, prima facie, that any trust interest the plaintiffs had in these funds created by operation of Lien Law article 3-A (*see* Lien Law § 70 [1]) was terminated upon proper payment of the funds for purposes of the home improvement project (*see* Lien Law § 71-a [4] [d] [i]), and that there was no diversion of trust funds (*see* Lien Law § 72 [1]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court erred in denying those branches of the Giordano defendants' motion which were for summary judgment dismissing the sixth and seventh causes of action insofar as asserted against them.

The parties' remaining contentions are without merit. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur. ▮