■ FRANK A. BARONE, Appellant, v GILMA POSADA BARONE, Also Known as MARIA G. BARONE, Individually, as Officer and Shareholder of J.P. Barone Properties, Inc. and Others, et al., Respondents. [14 NYS3d 412]—

In an action, inter alia, for the imposition of a constructive trust, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated January 23, 2013, as granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action for the imposition of a constructive trust, and (2) from a judgment of the same court entered May 9, 2013, which, upon the order dated January 23, 2013, is in favor of the defendants and against him dismissing the cause of action for the imposition of a constructive trust.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action for the imposition of a constructive trust is denied, that cause of action is reinstated, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action, inter alia, for the imposition of a constructive trust. After various other preliminary matters, the defendants cross-moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the cause of action for the imposition of a constructive trust as time-barred, or on the ground that it failed to state a cause of action. The Supreme Court

granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss that cause of action as time-barred. In light of its determination of the branch of the cross motion which was pursuant to CPLR 3211 (a) (5), the court did not address that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss that cause of action on the ground that it did not state a cause of action. The plaintiff appeals.

A cause of action "for the imposition of a constructive trust is governed by the six-year Statute of Limitations of CPLR 213 (1), which starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution" (*Sitkowski v Petzing*, 175 AD2d 801, 802 [1991] [citations omitted]). "A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition, or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property" (*id.* at 802 [citations omitted]).

Here, the gravamen of the plaintiff's cause of action for the imposition of a constructive trust is not, as urged by the defendants and found by the Supreme Court, that the defendants wrongfully acquired the subject properties in or around 1995, or 1996, but rather that subsequent thereto, sometime in 2012, the defendant Gilma Posada Barone, also known as Maria G. Barone (hereinafter Maria), breached her promise to the plaintiff that they would be equal partners with respect to those properties (*see Crivaro v Crivaro*, 295 AD2d 304, 305-306 [2002]; *see also Petroccitto v Metro N. Commuter R. R.*, 140 AD2d 682, 683 [1988]; *cf. Auffermann v Distl*, 56 AD3d 502, 502-503 [2008]). Under those circumstances, the statute of limitations on the plaintiff's cause of action for the imposition of a constructive trust did not begin to run until sometime in 2012, when Maria allegedly breached her promise to the plaintiff (*see Crivaro v Crivaro*, 295 AD2d at 306). Accordingly, that cause of action was timely interposed in 2012, and the Supreme Court erred in granting that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss that cause of action as time-barred. In light of this determination, we need not reach the plaintiff's contention that the defendants should be equitably estopped from invoking the statute of limitations as a defense to that cause of action.

Since the branch of the cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action for the imposition of a constructive trust for failure to state a cause of action was argued before the Supreme Court and has been briefed by the parties before us, we address it in the interest of judicial economy (*see Nolan v Irwin Contr., Inc.*, 121 AD3d 1060, 1062 [2014]). We conclude that the plaintiff alleged facts sufficient to state a cause of action for the imposition of a constructive trust, including, in particular, a transfer made in reliance on a promise (*see e.g. Crivaro v Crivaro*, 295 AD2d at 305-306; *Ladone v Ladone*, 121 AD2d 512, 513-514 [1986]).

The defendants' remaining contention is improperly raised for the first time on appeal. Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.