■ RICHARD RICE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendants.—In an action to recover damages, *inter alia,* for false imprisonment, the defendant New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Adler, J.), dated May 13, 1987, which (1) granted the plaintiff's separate motions to deem a notice of claim previously served by him to be timely, and for leave to serve a supplemental notice of claim and an amended complaint, and (2) denied its cross motion for leave to amend its answer to assert a defense based on the Statute of Limitations and thereupon to dismiss the complaint as time barred.

Ordered that the order is modified, on the law, by (1) deleting the first decretal paragraph thereof, and substituting therefor a provision denying the plaintiff's motion to deem the notice of claim timely, (2) deleting so much of the second and third decretal paragraphs thereof as granted the plaintiff leave to serve a supplemental notice of claim and amended complaint asserting two additional causes of action based on negligence and one based on malicious prosecution, and substituting therefor a provision granting the plaintiff's motion only to the extent of granting leave to serve a supplemental notice of claim and amended complaint asserting a cause of action based on 42 USC § 1983; and (3) adding thereto a provision granting the appellant's cross motion to the extent of granting leave to amend its answer to assert a defense based on the Statute of Limitations, and dismissing all causes of action asserted in the amended complaint with the exception of the cause of action based on 42 USC § 1983; as so modified, the order is affirmed, with costs to the appellant.

In his original complaint, the plaintiff alleged that he was assaulted, battered, and falsely imprisoned by agents of the defendant New York City Housing Authority on July 10, 1985. On October 16, 1985, the defendant Housing Authority received a notice of claim, which the plaintiff concedes was eight days late. The notice of claim specified the nature of the plaintiff's claim to be "unlawful imprisonment, assault [and] battery". The plaintiff subsequently served a summons and complaint interposing these claims on or about July 11, 1986. In addition to the claims based on assault, battery, and false imprisonment, however, the complaint asserted a cause of action based on intentional infliction of emotional distress by outrageous conduct.

On or about October 7, 1986, the plaintiff made a motion for an order deeming the earlier filed notice of claim timely. This motion was followed by a second motion, made on or about December 2, 1986, seeking leave to serve a late supplemental notice of claim, and to amend the complaint, so as to assert two causes of action based on allegations of negligence, a cause of action based on malicious prosecution, and a cause of action based on a violation of 42 USC § 1983. The Supreme Court granted both motions in their entirety, deemed the amended complaint served, and denied the defendant's cross motion to dismiss. This appeal followed.

The causes of action based on assault, battery, false imprisonment and intentional infliction of emotional distress are governed by the one-year Statute of Limitations found in CPLR 215 (3) *(see, Jemison v Crichlow,* 139 AD2d 332, 336 [intentional infliction of emotional distress]; *Trott v Merit Dept. Store,* 106 AD2d 158 [assault and battery]; *Jackson v Police Dept.,* 119 AD2d 551 [false imprisonment]), which may be tolled for an additional 30 days as a result of the provisions of Public Housing Law § 157 (1) *(see,* CPLR 204 [a]; *Andersen v Long Is. R. R.,* 59 NY2d 657, *affg* 88 AD2d 328; *Niemczyk v Pawlak,* 76 AD2d 84; *see also, Rose v Metro N. Commuter R. R.,* 143 AD2d 993; *Di Geloromo v Metropolitan Suburban Bus Auth.,* 116 AD2d 691). Public Housing Law § 157 (2), which provides for a Statute of Limitations of 1 year and 90 days, applies only to actions based on negligence or the creation or maintenance of a nuisance, and is thus inapplicable to the plaintiff's claims based on intentional torts.

The plaintiff essentially concedes that, pursuant to Public Housing Law § 157 and General Municipal Law § 50-e (1) (a), he was required to serve a notice of claim within 90 days of the incident. Since the plaintiff failed to make an application

for leave to file a late notice of claim prior to the expiration of the applicable Statute of Limitations with regard to the claims based on intentional torts, the court was without jurisdiction to direct that the earlier, untimely notice of claim be deemed timely *(see, Pierson v City of New York,* 56 NY2d 950; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Barnes v County of Onondaga,* 103 AD2d 624, *affd* 65 NY2d 664). These causes of action should therefore have been dismissed.

The two causes of action sounding in negligence are subject to the 1-year-and-90-day Statute of Limitations provided for in Public Housing Law § 157 (2). Although the plaintiff did make a motion within 1 year and 90 days of the accrual of these causes of action for an order deeming his earlier, untimely notice of claim to have been timely filed, this earlier notice of claim may not serve as the basis for the assertion of any causes of action other than those expressly mentioned in it *(see, Mojica v New York City Tr. Auth.,* 117 AD2d 722; *Gordon v City of New York,* 79 AD2d 981; *Colena v City of New York,* 68 AD2d 898, 900). No application for leave to file an untimely, amended notice of claim so as to include any potential negligence causes of action was made until after the expiration of the 1-year-and-90-day period. A notice of claim may not be amended so as to add new theories of liability which are time barred at the time that the application for such amendment is made *(see, Demorcy v City of New York,* 137 AD2d 650, 651; *Murphy v County of Nassau,* 84 AD2d 577; *Gordon v City of New York, supra).* This application, therefore, also should have been denied.

The cause of action to recover damages for malicious prosecution must also be dismissed. The amended complaint states that the criminal proceedings which had been instituted against the plaintiff terminated in his favor on October 22, 1985. His cause of action for malicious prosecution accrued on that date and is governed by a one-year Statute of Limitations (CPLR 215 [3]; *see, Dailey v Smiley,* 65 AD2d 915) which may also be tolled for an additional 30 days pursuant to Public Housing Law § 157 (1). Since no application for leave to serve a late notice of claim with respect to this cause of action was made until after the expiration of the applicable Statute of Limitations, this cause of action should likewise be dismissed.

The plaintiff's claim based on the appellant's alleged violation of 42 USC § 1983 is governed by a three-year Statute of Limitations *(see, Owens v Okure,* 488 US —, 102 L Ed 2d 594, *affg* 816 F2d 45; *423 S. Salina St. v City of Syracuse,* 68 NY2d 474; *Jemison v Crichlow,* 139 AD2d 332, 342, *supra).* Since the

plaintiff did seek the court's permission to serve a late notice of claim relative to this cause of action before the expiration of the applicable Statute of Limitations, the court had the jurisdiction to entertain the motion. We find, based on all the circumstances, and particularly in light of the lack of prejudice, inasmuch as the defendant had actual notice of the underlying transaction, that the court did not abuse his discretion in allowing the plaintiff to serve a late notice of claim, and to amend his complaint, so as to assert this cause of action. Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.