Ana **ROSADO**, Plaintiff,

v.

The **CITY OF NEW YORK; The New York City Housing Authority; Housing Police Officer Robert Medoro, Shield No. 3811; Housing Police Officer Jonas Bright, Shield No. 2216; Housing Police Officer "John Doe," Shield No. Unknown; and Housing Police Officer "Jane Doe," Shield No. Unknown, Defendants.**

No. 87 Civ. 9261 (LLS).

United States District Court, S.D. New York.

May 30, 1989.

As Amended June 5, 1989.

---

Schwaber & Kafer, New York City, for plaintiff; of counsel: Fern H. Schwaber.

Windels, Marx, Davies & Ives, New York City, for defendant New York City Housing Authority; of counsel: James M. Shaughnessy, Thomas J. Mulligan, Joseph P. Garland.

Gary A. Tomei, New York City, for defendant Medoro.

Ronald P. Berman, New York City, for defendant Bright.

Suss & Suss, P.C., New York City, for defendant Jane Doe (Erin O'Grady); of counsel: Marvin N. Suss.

### OPINION and ORDER

STANTON, District Judge.

On October 6, 1986 the defendant officers of defendant New York City Housing Authority (collectively the "defendants"), arrested plaintiff Ana Rosado outside her parents' apartment. Ms. Rosado was released on her own recognizance on October 9, 1986, and the charges against her ultimately were dismissed.

She commenced this action on December 28, 1987, alleging claims including assault (Fifth), intentional infliction of emotional distress (Sixth), false arrest and imprisonment (Eighth), battery (Ninth), and "embarrass[ment] and humiliat[ion]" (Thirteenth) [1] (collectively the "claims"). Defendants assert that the claims are barred by the applicable statute of limitations, and seek partial summary judgment dismissing them.

Both sides agree that if a one-year statute of limitations governs, the claims must be dismissed.

■ It is evident that New York's one-year statute of limitations for intentional torts should be applied. N.Y. C.P.L.R. § 215(3) (McKinney 1972) provides: "The following actions shall be commenced within one year: ... 3. an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages ..." [2] The longer period set out in N.Y. Pub.Hous.Law § 157(2) (McKinney 1955 & 1989 Supp.) applies only to claims for negligence or nuisance:

> An action against an authority for damages to real or personal property, or

---

1. None of the parties has further identified plaintiff's thirteenth cause of action. However, since defendants consider it a claim for an intentional tort and plaintiff does not dispute that, the court will treat it as stating a claim for slander or false words causing special damages, or a duplicative claim for intentional infliction of emotional distress.

2. Section 215(3) also covers claims for wrongful infliction of emotional distress. *Jemison v. Crichlow*, 139 A.D.2d 332, 531 N.Y.S.2d 919 (2d Dep't 1988), *aff'd*, 73 N.Y.2d 868, 537 N.Y.S.2d 487, 534 N.E.2d 325 (Ct.App.1989).

for the destruction thereof, or for damages for personal injuries, alleged to have been sustained by reason of the negligence of, or by the creation or maintenance of a nuisance by said authority, or any member, officer, agent or employee thereof, shall be commenced within one year and ninety days after the cause of action therefor shall have accrued ...

That section is therefore inapplicable to claims against the Housing Authority based on intentional torts, which are governed by the one-year C.P.L.R. § 215(3). *Rice v. New York City Housing Authority*, App.Div., 539 N.Y.S.2d 977 (2d Dep't 1989).

■ Nor can plaintiff find relief in § 50–i of the N.Y. General Municipal Law. That section does provide a longer period for intentional torts (a year and ninety days) and its subparagraph 2 overrides inconsistent provisions of law, which would include the general one-year provision of C.P.L.R. § 215(3)—but it does not apply to the Housing Authority or its employees. It applies only to cities, counties, towns, villages, fire and school districts, and their personnel. It states, N.Y.Gen.Mun.Law § 50–i (McKinney 1986):

1. No action or special proceeding shall be prosecuted ... for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, village, fire district or school district or any officer, agent or employee thereof ... unless ... (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based ...

Since the General Municipal Law section does not apply to the Housing Authority or its personnel, plaintiff's argument that 1970 amendments to § 157(2) were intended "[t]o conform the Public Housing Law to the General Municipal Law in the matter of tort claims"[3] is futile. As noted above, § 157(2) deals only with negligence and nuisance claims, as to which its year-plus-ninety-day period conforms to the General Municipal Law, but it leaves intentional torts to the one-year limitation of C.P.L.R. § 215(3).

Finally, plaintiff points to the year-plus-ninety-day provision of § 402–a of the Public Housing Law. It is facially apparent that law, N.Y.Pub.Hous.Law § 402–a(13), does not apply to these intentional tort claims. Section 402–a obliges the Housing Authority to defend and indemnify its employees in civil actions arising out of their performance of their duties (*id.*, subp. 2); its benefits inure only to employees and do not enlarge the rights of other parties (*id.*, subp. 10); and the duty does not even arise "where the injury or damage resulted from an intentional wrongdoing ..." (*Id.*, subp. 4).

Defendants' motions for partial summary judgment dismissing plaintiff's fifth, sixth, and thirteenth claims in their entirety, and those portions of plaintiff's eighth and ninth claims which arise under state law, are granted.

So ordered.

---

3. Undated memorandum for a bill introduced by Mr. J.G. McCarthy, Exhibit A, Plaintiff's

Memorandum in Opposition to Defendants' Motion.