■ YVETTE WILDER, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [597 NYS2d 352] —Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about April 21, 1992, which granted defendant New York City Housing Authority's motion to dismiss the complaint to the extent of dismissing any negligence claims as time-barred and dismissing a civil rights claim for legal insufficiency; and granted plaintiff's cross-motion to amend the complaint to the extent of allowing the cause of action for false arrest and imprisonment, but denied, with leave to renew, the motion as to the causes of action for assault and battery and for civil rights violations, unanimously affirmed, without costs.

The IAS Court properly concluded that the commencement

of the action for false arrest and imprisonment was timely as a result of a statutory stay of commencement. An action under Public Housing Law § 157 incorporates General Municipal Law § 50-h (5), which provides that "[w]here a demand for examination has been served * * * no action shall be commenced * * * unless the claimant has duly complied with such demand for [pre-suit] examination." Under CPLR 204 (a), when the commencement of an action is stayed by such a statutory prohibition, the duration of the stay is not excluded from the period of limitation. Here, plaintiff received a demand for examination on February 27, 1990, and the examination was conducted on April 19, 1990. In light of this 52 day tolling period, service of the summons and complaint 50 days after the 1 year statute of limitations under CPLR 215 (3) would have expired was timely (see, Serravillo v New York City Tr. Auth., 51 AD2d 1027, affd 42 NY2d 918). We note also that the proposed cause of action for assault and battery, which the IAS Court denied with leave to replead, was timely under the foregoing analysis. Concur—Murphy, P. J., Rosenberger, Ross, Asch and Kassal, JJ.