OPINION OF THE COURT
George A. Murphy, J.
Motion by defendant, Seguerra, M.D., to dismiss the complaint on the ground that it is barred by the Statute of Limitations is granted to the extent directed below.
The branch of defendant Seguerra’s motion for an order dismissing the complaint on the ground that it is barred by the Statute of Limitations raises an issue of apparent first impression: can plaintiff avail herself of the tolling provision of CPLR 215 (8) if she was not a complainant in a criminal action where the same defendant was prosecuted for a crime which serves as a basis for the civil action? Plaintiff asks this court to answer the question in the affirmative and hold that CPLR 215 (8) extends to any person who would fall into a class of people who were victimized by that defendant and now wishes to commence a civil suit after the Statute of Limitations for the intentional tort expired.
Plaintiff commenced this action for compensatory and punitive damages against Dr. Eliezer Seguerra and Franklin General Hospital where she was treated and allegedly sexually abused and assaulted in the areas of the chest and breasts by Dr. Seguerra on or about April 14, 1988. Defendant movant, Dr. Seguerra, was served with the complaint in this action on or about August 23, 1990, approximately two years and four months after the incident allegedly occurred. The plaintiff was not a complainant in the criminal case prosecuted against defendant Seguerra.
CPLR 215 (3) proscribes a one-year Statute of Limitations period for intentional torts, including actions to recover damages for assault. Hence, plaintiffs cause of action alleging intentional assault is time barred. Moreover, it has been said that the one-year limitation on intentional injury cannot be circumvented by characterizing an intentional injury as some other tort such as negligence (Ramsay v Bassett Hosp., 113 AD2d 149, appeal dismissed 67 NY2d 608). "Negligent as *895 sault” is a contradiction in terms, even where the injuries may have been inflicted inadvertently (Mazzaferro v Albany Motel Enters., 127 AD2d 374, 376, citing Trott v Merit Dept. Store, 106 AD2d 158; see also, Rice v New York City Hous. Auth., 149 AD2d 495).
In the face of this statutory reality, the plaintiff asks the court to apply an exception set forth in subdivision (8) of CPLR 215: "8. Whenever it is shown that a criminal action against the same defendant has been commenced with respect to the event or occurrence from which a claim governed by this section arises, the plaintiff shall have at least one year from the termination of the criminal action as defined in section 1.20 of the criminal procedure law in which to commence the civil action, notwithstanding that the time in which to commence such action has already expired or has less than a year remaining.”
The legislative history reveals that the drafters of CPLR 215 (8) intended to benefit the criminal complainant who wished to pursue a civil suit against the criminal defendant. The purpose of this provision was twofold: (1) relieve the criminal victim of the burden of participating simultaneously in the criminal and civil trials for fear of the civil claim being time barred, and (2) facilitate the civil trial by allowing the criminal victim to use the criminal judgment as proof in order to avoid the expense of relitigating proven facts (Mem of Assemblyman Gottfried, in support of L 1983, ch 95, 1983 NY Legis Ann, at 61).
To allow a plaintiff, who was not a complainant in the criminal action against the same defendant, to benefit from CPLR 215 (8) would frustrate the underlying purpose of the Statute of Limitations because this particular plaintiffs action would not avoid the costs and efforts that the statute intends. It appears that the intent of the Legislature was to permit only the criminal complainant to avail herself or himself of CPLR 215 (8) (see, Rasso v Franklin Gen. Hosp., NYLJ, Aug. 3, 1992, at 28, col 6 [Sup Ct, Nassau County, Christ, J.]). "While there may be validity to plaintiffs contentions, in light of the clear wording of the statute, it is not for the courts to broaden the scope of the statute in that manner; rather, it is for the Legislature to act in this regard (see, Liff v Schildkraut, 49 NY2d 622, 634)” (Jordon v Britton, 128 AD2d 315, 320).
It is unclear to this court whether the defendant movant pleaded guilty to the charge of "sexual abuse in the third *896 degree” in the District Court of Nassau County on March 12, 1990, or whether this plea was later withdrawn and another entered on June 4, 1990. In any case, plaintiff is not entitled to the benefit of CPLR 215 (8) since she was not a criminal complainant in the criminal prosecution of Dr. Seguerra, and although a similar charge of sexual abuse is alleged by the plaintiff herein, the "event or occurrence” from which plaintiff’s claim arises is the date she was allegedly sexually abused and ássaulted. Therefore plaintiff’s cause of action for intentional and/or negligent assault is dismissed on the grounds that the one-year Statute of Limitations has expired.
This court now turns to plaintiff’s charge of sexual abuse and gross negligence. CPLR 214 (5) fixes a three-year limitations period in negligence.
In Matter of Goomar v Ambach (136 AD2d 774, 777, appeal dismissed 72 NY2d 908, lv denied 73 NY2d 701 [1988]), a case similar to the instant matter, the defendant doctor allegedly touched the breasts of four patients. He was found guilty of the fraudulent practice of medicine and professional misconduct, under Education Law § 6509, and negligent or incompetent practice of medicine (see also, Matter of Dorsey v Board of Regents, 87 AD2d 728). In Matter of Block v Ambach (73 NY2d 323 [1989]), petitioner Ackerman allegedly engaged in sexual acts with his patients during psychiatric treatment and was charged with gross negligence or gross incompetence, negligence or incompetence, and moral unfitness to practice medicine. With minor exceptions the charges were sustained. In Rafferty v Ogden Mem. Hosp. (140 AD2d 911), the Court ordered the plaintiff to clarify whether her causes of action alleging assault, molestation and sexual abuse were in negligence or for intentional torts.
The above-mentioned cases all suggest the possibility and appropriateness of characterizing sexual abuse by a doctor as negligence or even gross negligence. An action in negligence carries a three-year Statute of Limitations pursuant to CPLR 214 (5) and therefore plaintiff’s cause of action for gross negligence and sexual abuse were commenced timely. Consequently, plaintiff’s request for punitive damages may continue as well.