**Anibal MORALES, Plaintiff,**

v.

**Sammy IRIZARRY (shield No. 2408), Bobby McDowell (shield No. 3033), Garfield Brown (shield No. 4464), John and Jane Does, individually and in their capacity as Police Officers of the New York City Housing Authority, New York City Housing Authority, Richard Roes, individually and in their capacity as New York City Police Officers, and City of New York, a Municipal Corporation, Defendants.**

No. 95 Civ. 5068 (JSR).

United States District Court,
S.D. New York.

Sept. 16, 1997.

Robert L. Herbst, New York City, for Plaintiff.

Sherwin A. Suss, New York City, for Irizarry, McDowell and Brown.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

On July 7, 1995, plaintiff Anibal Morales commenced this suit against defendants, alleging that they falsely arrested him on June 15, 1994 and used unjustifiable physical force in effecting the arrest. Plaintiff claims that defendants thereby violated his rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and committed various intentional and negligent torts, thus giving rise to claims under 42 U.S.C. §§ 1983, 1985 and 1988 and under various provisions of New York State law. Following discovery, individual defendants Sammy Irizarry, Bobby McDowell and Garfield Brown moved for partial summary judgment, arguing that the intentional tort claims brought against them under New York State law were untimely. The motion was briefed and, following reassignment of the case to this Judge on June 26, 1997, was orally argued to the Court on August 5, 1997. Thereafter, following full review of the parties' submissions, the Court telephonically advised the parties on August 12, 1997 that the motion would be granted. This memorandum will serve to confirm that ruling and briefly summarize the reasons therefor.

■ There is no dispute that this action was commenced on July 7, 1995, one year and 22 days after the underlying incident occurred. Nor is there any dispute that in April 1995—after the incident occurred, but before the complaint was filed—the police force of the New York City Housing Authority (the "Housing Authority") was merged with the New York City Police Department (the "Police Department") and that all Housing Authority police officers, including the moving defendants, became officers of the Police Department. This case therefore involves, *inter alia*, claims brought against the moving defendants after they became Police Department officers but premised on actions taken when they were still Housing Authority officers. The disputed issue is whether, in these circumstances, the statute of limitations applicable to the intentional tort claims brought against the moving defendants is the one year period applied to the intentional torts of Housing Authority police officers

**258**

under CPLR § 215(3), *see Rosado v. City of New York*, 713 F.Supp. 124, 126 (S.D.N.Y. 1989), or the one year and ninety day period applied to the intentional torts of New York City Police Officers under General Municipal Law § 50–i, *see Clark v. City of Ithaca*, 652 N.Y.S.2d 819, 821 (3d Dept.1997). This Court concludes that it is the former.

There is no controlling authority on this point.[1] But nothing in the history of the merger, which was effected through simple application of New York City Civil Service Law § 70(2), evidences a legislative intent to expand the statute of limitations applicable to actions previously taken by police officers of the Housing Authority. *See generally, Nickels v. New York City Housing Authority*, 208 A.D.2d 203, 622 N.Y.S.2d 718 (1st Dept.1995), *aff'd*, 85 N.Y.2d 917, 627 N.Y.S.2d 319, 650 N.E.2d 1320 (1995). In the absence of some such legislative indication, such a retroactive expansion of a substantive provision like the statute of limitations will not be presumed. *Cf. Landgraf v. USI Film Products*, 511 U.S. 244, 279, 114 S.Ct. 1483, 1504, 128 L.Ed.2d 229 (1994).

■ The Court also rejects plaintiff's alternative arguments that the statute of limitations was tolled either pursuant to New York Public Housing Law § 157(1) (which requires that 30 days must elapse after service of a notice of claim before any action "against an authority" may be commenced) or pursuant to New York General Municipal Law § 50–h (which provides that "wherever a notice of claim is filed against a city, county, town, village, fire district, ambulance district or school district, . . . such [municipality] shall have the right to demand an examination of the claimant"[2]). The plain language of New York Public Housing Law § 157(1) clearly indicates that the 30–day toll applies only to actions "against an authority," not actions against individual defendants such as the moving

parties here. Similarly, the plain language of New York General Municipal Law § 50–h applies exclusively to claims filed "against a city, county, town, village, fire district, ambulance district or school district." Plaintiff has not cited, nor has the Court found, any authority extending the application of these statute to individual defendants. *See, e.g., Rosado*, 713 F.Supp. at 126.

In light of the foregoing, plaintiff's New York state law claims against the moving defendants for assault, battery, false arrest, false imprisonment and intentional infliction of emotional distress are hereby dismissed. As previously ordered at the August 5, 1997 conference before the Court, *see* transcript, discovery shall be completed by September 30, 1997; summary judgment motions, if any, shall be served by October 8, 1997; answering papers shall be served by October 17, 1997 (on which date counsel shall file a full set of all such motion papers with the Court and deliver a full set of courtesy copies directly to Chambers); oral argument on any such motions and a final pretrial conference shall be held on October 22, 1997 at 5:00 p.m.; and trial of the remaining claims shall commence on November 4, 1997 at 9:30 a.m. in Courtroom 14–D, 500 Pearl Street, New York, New York.

SO ORDERED.

---

1. *Cf. Green v. New York City Housing Authority*, 1997 WL 158359 (S.D.N.Y. April 3, 1997), which appears to assume the conclusion here reached, noting that "while the New York City Housing Authority Police merged with the New York City Police Department on April 30, 1995, the incident that is the subject of this lawsuit pre-dates the merger." *Id.* at *1, n. 1.

2. CPLR § 204(a) provides in turn that where the commencement of an action is stayed by a statutory prohibition (such as that contained in New York General Municipal Law § 50–h), the statute of limitations is tolled. *See Wilder v. City of New York*, 193 A.D.2d 420, 597 N.Y.S.2d 352, 353 (1st Dept.1993).