**Nathaniel C. HARRIS, Plaintiff**

v.

**TOWN OF ISLIP HOUSING AUTHORITY, Richard Albanese, an employee of Town of Islip Housing Authority, Suffolk County Police Department, The Department of Housing and Urban Development ("Hud"), and Miguel Collazo, a Special Agent of the Department of Housing and Urban Development ("Hud"), Defendants.**

No. 10–CV–0843(ADS)(WDW).

United States District Court, E.D. New York.

Nov. 14, 2011.

Stewart Lee Karlin, Esq., New York, NY, for Plaintiff.

Miranda Sambursky Slone Sklarin Verveniotis, LLP by Michael A. Miranda, Esq. & Kelly C. Spina, Esq., of Counsel, Mineola, NY, for Town of Islip Housing Authority and Richard Albanese.

Christine Malafi, County Attorney for Suffolk County by Arlene S. Zwilling, Assistant County Attorney, Hauppauge, NY, for Suffolk County Police Department.

Loretta A. Lynch, United States Attorney for the Eastern District of New York by James Halleron Knapp, Assistant United States Attorney, Central Islip, NY, for the Department of Housing and Urban Development.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff, Nathaniel C. Harris ("Harris" or "the Plaintiff") commenced this action against the Town of Islip Housing Authority ("Housing Authority"), Richard Albanese as an employee of the Town of Islip Housing Authority ("Albanese" and together with the Housing Authority the "Town Defendants"), the Suffolk County Police Department ("the County"), the Department of Housing and Urban Development ("HUD") and Miguel Collazo as a Special Agent of HUD ("Collazo" and together with HUD "the Federal Defendants"), seeking money damages for false arrest, malicious prosecution and negligence. Presently before the Court is a motion by the Town Defendants pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 12(b)(6) to dismiss the complaint as time-barred by the statute of limitations. For the reasons that follow, the motion by the Town Defendants is granted in part and denied in part.

## I. BACKGROUND

On September 9, 2005, following an investigation into the plaintiff Nathaniel C. Harris' alleged unlawful receipt of housing benefits, Harris was arrested and subsequently indicted on one count of Grand Larceny in the Second Degree in violation of Section 115.40(1) of the Penal Law of the State of New York. Harris was released from custody on an unspecified date and, on October 17, 2008, the charges against Harris were dismissed.

On January 15, 2009, Harris served a notice of claim on the Town Defendants and the County ("the Notice of Claim"). On July 31, 2009, Harris brought a motion in the Supreme Court of the State of New

York, Suffolk County to serve an amended and late notice of claim on the Federal Defendants. In a decision dated August 31, 2009, the court denied Harris' motion. *See Harris v. Town of Islip Housing Authority*, Index. No. 29920–09 (Sup.Ct. Suffolk Cnty. Aug. 31, 2009).

On February 1, 2010, Harris filed a summons and complaint in the Supreme Court of the State of New York, Suffolk County. Although Harris does not clearly articulate his causes of action, construing the complaint liberally and making all inferences in Harris' favor, the Court finds that Harris sets forth claims for false arrest, malicious prosecution, and negligence. Based on these allegations, Harris seeks damages for emotional distress and financial harm he allegedly incurred when he was placed on unpaid suspension from his employment during the pendency of the criminal proceedings. On February 25, 2010, HUD removed the case to this Court.

On August 9, 2011, the Town Defendants filed the instant motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Harris' claims against them as time-barred by the statute of limitations.

## II. DISCUSSION

### A. Legal Standard for Fed.R.Civ.P. 12(b)(6) Motion to Dismiss

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Second Circuit has explained that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles. *Harris v. Mills*, 572 F.3d 66 (2d Cir.2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 129 S.Ct. at 1950.

In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the Plaintiffs' favor. *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir.2007). Only if this Court is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief" will it grant dismissal pursuant to Fed.R.Civ.P. 12(b)(6). *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir.1993). The issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir.2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

### B. Whether the Plaintiff's Claims Against the Town Defendants Are Time–Barred

The Town Defendants contend that the Court should dismiss the complaint for the

following reasons: (1) the Plaintiff failed to file a timely notice of claim for the false arrest and negligence claims and (2) the malicious prosecution claim is time-barred by the one-year statute of limitations set forth in CPLR § 215. In response, the Plaintiff argues that: (1) his Notice of Claim for the false arrest and malicious prosecution claims was timely; (2) the applicable statute of limitations is the one-year and ninety days limitation period set forth in New York General Municipal Law § 50–i; and (3) the statute of limitations was tolled an additional 30 days during the pendency of the Plaintiff's motion to serve an amended and late notice of claim on the Federal Defendants. The Plaintiff does not address the timeliness of his negligence claim.

As an initial matter, the Court notes that neither the Plaintiff nor the Town Defendants provide the Court with a copy of the Notice of Claim served on the Town Defendants on January 15, 2009. Although, this does not impact the Court's ruling with respect to the false arrest claim, it is determinative on the issue of whether the Plaintiff has stated a claim against the Town Defendants for negligence. This is because, as discussed in further detail below, the statute of limitations for intentional tort claims—including false arrest and malicious prosecution—against a housing authority and its employees is shorter under New York law than the statute of limitations for negligence claims. The Court addresses the sufficiency of the Plaintiff's intentional tort claims and the negligence claim in turn below.

### 1. As to the False Arrest and Malicious Prosecution Claims

■ Under New York law, the applicable statute of limitations period for intentional tort claims against a housing author-

ity and its employees is one year. *See* N.Y. C.P.L.R. 215(3); *see Rice v. New York City Hous. Auth.*, 149 A.D.2d 495, 496, 539 N.Y.S.2d 977, 979 (2d Dep't 1989) (stating that intentional tort claims against the New York City Housing Authority are subject to the one-year limitations period found in CPLR § 215(3)); *Rosado v. City of New York*, 713 F.Supp. 124, 126 (S.D.N.Y.1989) (same). Thus, because false arrest and malicious prosecution are intentional torts, the one-year statute of limitations applies to the Plaintiff's claims for false arrest and malicious prosecution against the Town Defendants.

Courts typically extend the statute of limitations by 30 days for claims against a housing authority, but not housing authority employees, pursuant New York Public Housing Law ("Housing Law") § 157(1), which requires an individual commencing any proceeding against a housing authority to include in their moving papers "an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded". N.Y. Pub. Hous. L. § 157(1); *see Rice*, 149 A.D.2d at 496, 539 N.Y.S.2d at 978 (stating that in a claim against a housing authority, the one-year limitations period found in C.P.L.R. § 215 "may be tolled for an additional 30 days as a result of the provisions of Public Housing Law § 157(1)"). Thus, the applicable statute of limitations for the Plaintiff's intentional tort claims against the Housing Authority is one year and thirty days.

■ The Plaintiff's reliance on New York General Municipal Law § 50–i ("section 50–i") for the contention that the statute of limitations for the malicious prosecution and false arrest claims is one-year and ninety days is misplaced. Section 50–i creates an exception to the one year statute of limitations in CPLR § 215 for certain intentional torts committed by a "city,

county, town, village, fire district or school district or of any officer, agent or employee thereof". N.Y. Gen. Mun. L. § 50–i(1)(a). Because section 50–i does not apply to "the Housing Authority or their employees", the Town Defendants are not subject to the one year and ninety day statute of limitations for the Plaintiff's intentional tort claims. *Rosado,* 713 F.Supp. at 126; *see also Morales v. Irizarry,* 976 F.Supp. 256, 257–58 (S.D.N.Y.1997) (holding that the one year limitations period under CPLR § 215(3) and not the one year and ninety day period under section 50–i was applicable to the intentional tort claims against the individual defendants despite the fact that they were now New York City Police Department officers, because their allegedly wrongful actions occurred when they were New York City Housing Authority officers).

■ Furthermore, the Plaintiff's assertion that the statute of limitations period was tolled for its claims against the Town Defendants while its motion for leave to file an amended and late notice of claim on the Federal Defendants was pending is similarly unavailing. CPLR § 204(a) permits courts to toll the statute of limitations during the pendency of a motion to file a late notice of claim because when a plaintiff seeks "leave of the court to file a late notice of claim, [the plaintiff's] right to commence the action '[is] [not] solely within [the plaintiff's] control but [is] dependent upon obtaining leave of the court" such that a plaintiff is " 'in effect, prohibited from commencing the action until that consent [is] obtained.' " *Ambrus v. City of New York,* 87 A.D.3d 341, 346, 928 N.Y.S.2d 719, 723 (2d Dep't 2011) (quoting *Barchet v. New York Transit Auth.,* 20 N.Y.2d 1, 6, 281 N.Y.S.2d 289, 228 N.E.2d 361 (1967)). Here, the Plaintiff moved for leave to file an amended and late notice of claim on the Federal Defendants, affecting

his ability to commence an action against them. However, the Plaintiff's pending application did not prohibit him from commencing his action against the Town Defendants in a timely manner and therefore there is no basis for tolling the statute of limitations. Nevertheless, assuming *arguendo* that the statute of limitations was tolled for the thirty days between July 31, 2009 and August 31, 2009, the Court finds that the Plaintiff's intentional tort claims are time-barred.

■ A malicious prosecution claim accrues on the date that the criminal proceeding against the plaintiff is terminated in his favor. *See Stampf v. Metro. Transp. Authority,* 57 A.D.3d 222, 223, 868 N.Y.S.2d 641, 643 (1st Dep't 2008); *Nunez v. City of New York,* 307 A.D.2d 218, 219, 762 N.Y.S.2d 384, 385 (1st Dep't 2003). The parties do not dispute that the criminal proceeding terminated against the Plaintiff on October 17, 2008. A claim for false arrest or false imprisonment under New York law accrues when the confinement terminates. *See Ragland v. New York City Hous. Auth.,* 201 A.D.2d 7, 9, 613 N.Y.S.2d 937, 939 (2d Dep't 1994); *see also Coakley v. Jaffe,* 49 F.Supp.2d 615, 623 (S.D.N.Y.1999) *aff'd* 234 F.3d 1261 (2d Cir.2000).

■ Here, the parties have only provided the date that the Plaintiff's confinement commenced, namely September 9, 2005, the date of his arrest. Because the Plaintiff's confinement could not have extended beyond the date that the criminal proceedings terminated, for the purposes of this motion, the Court considers October 17, 2008 as the accrual date for the false arrest claim.

Applying the one year statute of limitations from CPLR § 215(3), and the additional 30 day period applicable to claims against a housing authority pursuant to Housing Law § 157(1), the Plaintiff was

required to commence this action by November 16, 2009. If the statute of limitations period was tolled during the pendency of the Plaintiff's motion for leave to file an amended and late notice of claim—which it was not—the Plaintiff would have had until December 16, 2009 to commence this action. Here, the complaint was filed on February 1, 2010, well beyond the statute of limitations period. Accordingly, the Court grants the Town Defendant's motion to dismiss the Plaintiff's false arrest and malicious prosecution claims against them as time-barred.

## 2. As to the Negligence Claim

 With respect to the Plaintiff's negligence claims, the applicable statute of limitations is found in Housing Law § 157(2), which provides that an action against a housing authority for negligence "shall be commenced within one year and ninety days after the cause of action therefor shall have accrued". N.Y. Pub. Hous. L. § 157(2). The thirty-day tolling provision in Housing Law § 157(1) is also applicable to negligence claims, resulting in a statute of limitations period of one year and 120 days for negligence claims against a housing authority. Housing Law § 157(2) further provides that an individual asserting a negligence claim against a housing authority must comply with the notice of claim requirements set forth in Municipal Law § 50–e, which requires that a notice of claim be served on the authority within 90 days after the claim arises. N.Y. Gen. Mun. L. § 50–e(1)(a).

Here, the Town Defendants do not dispute that the Plaintiff commenced this action within the statute of limitations for asserting a negligence claim. Rather, the Town Defendants argue that any negligence claim should be dismissed against them because the Plaintiff did not file a notice of claim against them with respect to the negligence allegation. The Plaintiff does not state in the complaint what claims he asserted against the Town Defendants in his Notice of Claim. In addition, in his opposition to the instant motion, the Plaintiff does not address the sufficiency of his negligence claim. Nevertheless, the Court is hesitant to dismiss the negligence cause of action against the Town Defendants based solely on their representation that the Plaintiff failed to file a notice of claim with respect to the negligence cause of action.

Accordingly, the Court denies the Town Defendant's motion to dismiss the negligence claim without prejudice and affords the Plaintiff twenty days from the date of this order to either: (1) voluntarily dismiss the negligence cause of action or (2) to show cause as to why the Court should not dismiss the negligence claim for failure to file a timely notice of claim.

## III. CONCLUSION

Based on the foregoing it is hereby

**ORDERED,** that the Town Defendants motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the false arrest and malicious prosecution claims against them is granted; and it is further

**ORDERED,** that the Town Defendants motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the negligence claim against them is denied without prejudice, and it is further,

**ORDERED,** that the Plaintiff is afforded twenty days from the date of this order to either: (1) voluntarily dismiss the negligence cause of action or (2) to show cause as to why the Court should not dismiss the negligence claim for failure to file a timely notice of claim.

**SO ORDERED.**